[No. 6133.  Decided July 27, 1906.]

JUSTIN ERICKSON, *Respondent,* v. MODERN WOODMEN OF AMERICA, *Appellant.*[1]

APPEAL—REVIEW—IMPROPER EVIDENCE—HARMLESS ERROR. The admission of improper evidence is harmless error in a case tried before the court without a jury.

WITNESSES—COMPETENCY—TRANSACTIONS WITH DECEASED. In an action against a mutual benefit society, which defended on the ground that the deceased had made false representations to it to obtain the certificate, the society is not a party defending as executor or legal representative of, or deriving title from, the insured, within the statute prohibiting evidence of a party as to transactions had with the deceased.

1Reported in 86 Pac. 584.

INSURANCE—BENEFIT CERTIFICATES—EVIDENCE—MATERIALITY.    In an action upon a certificate in a mutual benefit society, evidence of the membership in this state and the number of camps in the order, etc., is properly excluded as immaterial.

SAME — BENEFICIARY — EVIDENCE OF DEPENDENCY — SUFFICIENCY. Under the statutes of the state and the by-laws of a mutual benefit society, authorizing the payment of benefits to persons dependent upon the deceased, only slight evidence of dependency is necessary where the certificate names the beneficiary as a dependent, and all the statutes and by-laws have been complied with.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered January 3, 1906, upon findings in favor of the plaintiff after a trial on the merits before the court without a jury, in an action on a mutual benefit insurance policy. Affirmed.

*Emery, Rourke & Denney* (*Ben D. Smith,* of counsel), for appellants.

*Hathaway & Alston,* for respondent.

DUNBAR, J.—Plaintiff sued as one of the named beneficiaries in a certificate of membership issued to one Johan A. Erickson by the defendant society, the appellant here, to recover the sum of $500 specified for her benefit therein. The certificate was for $1,000, payable to C. Mabel Erickson, niece of the assured, beneficiary to the amount of $500, and to Justin Erickson, sister-in-law, dependent, as beneficiary to like amount. C. Mabel Erickson joined in this suit, judgment being asked in favor of each plaintiff for the sum of $500. The case was tried by the court, a jury being waived. Defendant admitted its liability to C. Mabel Erickson for the amount claimed by her, and judgment was therefore rendered in her favor for $500, which judgment is not contested by the appellant in this case, it being stated in the brief that the same has been paid and satisfied. But from the judgment in favor of Justin Erickson this appeal is prosecuted.

The complaint, after the ordinary allegations in relation to the character of the defendant and the issuance of the

certificate, states that the certificate was issued to the plaintiff for $500 "to Justin Erickson, sister-in-law and dependent upon assured." The answer, after setting up the by-laws, denies the representation that Justin Erickson was a dependent upon assured at the time the certificate was issued, or at any time thereafter during the life of said Johan A. Erickson, or at the time of his said death; and avers that the statement in the said application, that Justin Erickson was dependent upon him, was false and untrue. The reply denied these affirmative allegations. The court found that the allegations of the complaint were true, and that, at the time the assured became a member of the camp, the said Justin Erickson was a sister-in-law of said assured and dependent upon him, and that, at the time of the death of the assured, the said Justin Erickson was dependent upon said assured. In fact, this case in reality depends upon this question of whether the respondent Justin Erickson was a dependent upon the insured.

Several assignments of error are made in relation to the overruling of defendant's objection to the testimony which was proffered by the plaintiff. Even if such testimony had been wrongly admitted, in a case that was tried by the court and which will be tried by this court, such admission will not be cause for a reversal. This court in such a case would simply disregard the testimony which was not legally before the trial court. But the testimony, we think, was properly admitted. It was testimony which related to transactions had by the witness, a party to the transaction, with a deceased person, including statements or instructions given by such deceased, and it is claimed that such testimony was incompetent under § 937, Pierce's Code (Bal. Code, § 5991), which provides that,

"In an action or proceeding where the adverse party sues or defends as executor, administrator or legal representative of any deceased person, etc., a party in interest or to the record, shall not be permitted to testify in his own behalf

as to any transaction had by him with, or any statement made
to him by, any such deceased or insane person," etc.

It is evident that the testimony offered in this case does not
fall within the ban of the statute, because the appellant here
is not defending in this action as executor, administrator or
legal representative of the insured, or deriving its title from
the insured; but is defending upon the theory that the rep-
resentation that the assured made that Justin Erickson was
dependent upon him was false, and that thereby a fraud
was perpetrated upon the company. This being the case, it
would seem that any transaction or statement made between
the insured and respondent, tending to prove the truth of
the written statement of the deceased, is competent testi-
mony.

The errors in relation to sustaining the objections of plain-
tiff to defendant's questions as to the approximate member-
ship of the Modern Woodmen of America, and as to how
many camps there were of the order in this state, and as to
what states the order extended to, we think are not well
taken, for we are unable to see the materiality of these ques-
tions to any of the material issues in the case.

Nor do we think the court erred in refusing to find the
facts as proposed by the appellant, or in finding the facts
as it did find them. The statute relating to a contract of
this kind provides that, "Payment of death benefits shall be
to the families, heirs, blood relatives, affianced husband or
affianced wife of, or to persons dependent upon the member."
Laws 1903, p. 145, ch. 96, § 1. By-law 41 of the society
provides that,

"Benefit certificates shall be made payable only to the wife,
surviving children, or some other person or persons spe-
cifically named in said benefit certificate as beneficiary, who
are related to the member as heir, blood relative, or person
dependent upon him, or member of his family, whom the
applicant shall designate in his application; provided, how-
ever, that no payment shall be made upon any benefit certi-
ficate to any person who does not bear such relationship as

wife, surviving child, heir, blood relative, or person dependent upon, or member of the family of the member at the time of his death."

So that it seems that provision is made, both in the statute and in the by-law of the society, for the payment of benefits to any person who is dependent upon the assured, and the application in this instance provides:

"I direct that the benefit certificate which may be issued to me in pursuance of this application recite as beneficiary or beneficiaries the following named, and to each the amount designated, whose relationship to me I certify to be as stated, viz., $500 to Justin Erickson, 2201 Norton, State Wash., sister-in-law, dependent;"

and further directs the payment of the other $500 to C. Mabel Erickson.

The statutes of the state and the by-laws of the company having been complied with by a proper application, and it appearing to us from all the testimony in the case that the respondent was a dependent upon the assured (for in such cases slight evidence of dependency ought to be sufficient), and it appearing also that the assured had died, and that he had complied with all the requirements of the law in every particular, we think the beneficiary named was entitled to a judgment, and the judgment of the court will therefore be affirmed.

Mount, C. J., Crow, Hadley, Rudkin, and Fullerton, JJ., concur.