[No. 27436.   Department One.   April 4, 1939.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT S. DOUBLEDAY, *Appellant*.[1]

*H. F. Broomell* and *Scott, Langhorne & McGavick,* for appellant.

*Thor C. Tollefson* and *Anthony M. Ursich,* for respondent.

BLAKE, C. J.—The defendant was charged with and convicted of the crime of grand larceny, in that he appropriated to his own use four Liberty Bonds belonging to the estates of Bridget and Dominic McFadden, of which he was administrator.

It is unnecessary to summarize the facts upon which the charge was based.   For the appellant admitted taking the bonds, cashing them in, and using the proceeds. His defense was that he appropriated them openly and avowedly upon a claim of title preferred in good faith. See Rem. Rev. Stat., § 2608 [P. C. § 8951].

The bonds had been purchased by Bridget McFadden with separate funds.   Prior to her death in May, 1935,

[1]Reported in 88 P. (2d) 841.

according to appellant's testimony she had given him the bonds—charging him at the same time with the care of her husband, Dominic. That appellant discharged the obligation of caring for Dominic until the latter's death, there can be no doubt. Appellant used at least a portion of the proceeds of the bonds for that purpose.

From what we have said, it is apparent that, in the light of the statute (Rem. Rev. Stat., § 2608), the decisive issue of fact in the case was whether appellant appropriated the bonds openly and avowedly under a claim of title preferred in good faith. If he did, his defense was good "even though the claim be untenable."

To substantiate his defense, appellant offered to testify to conversations had with Mrs. McFadden with respect to the transaction. The proffered proof was rejected on the ground that such testimony on his part was barred by Rem. Rev. Stat., § 1211 [P. C. § 7722]. That section provides that no one shall be precluded from giving evidence by reason of his interest in the event of the action—

"Provided, however, that in an action or proceeding where the *adverse party* sues or defends *as executor, administrator or legal representative* of any deceased person, or *as deriving right or title* by, through or from any deceased person, . . . then a party in interest or to the record, shall not be admitted to testify in his own behalf as to any transaction had by him with, or any statement made to him . . . by any such deceased . . . person . . ." (Italics ours.)

To the best of our knowledge, this is the first time the ban of the statute has been raised in this court against the testimony of a defendant in a criminal case.

It has been broadly stated that such statutes do not apply to criminal cases. *State v. Shelton,* 164 N. C. 513,

79 S. E. 883; *State v. Hand,* 170 N. C. 703, 86 S. E. 1005. See, also, *Leonard v. State ex rel. Scott,* 3 Ohio App. 313.

The reason the ban of the statute does not apply in criminal cases is quite apparent. While the defendant is, of course, "a party in interest" and "to the record," the state, *the adverse party,* does not sue in any of the capacities indicated by the italicized portions of the proviso. Consequently, the state cannot invoke the ban of the statute. *Erickson v. Modern Woodmen of America,* 43 Wash. 242, 86 Pac. 584; *Marks v. Seattle,* 88 Wash. 61, 152 Pac. 706; *Devlin v. Department of Labor & Industries,* 194 Wash. 549, 78 P. (2d) 952.

We are of the view that the statute (Rem. Rev. Stat., § 1211) does not preclude appellant from giving testimony of conversations had with Mrs. McFadden concerning the disposition of the bonds. The proffered evidence goes to the very gist of his defense. Its rejection constituted prejudicial error.

The judgment is reversed, and the cause remanded with directions to grant a new trial.

ROBINSON, MAIN, STEINERT, and JEFFERS, JJ., concur.