[No. 10326-9-III. Division Three. June 12, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM M. HAMILTON, *Petitioner.*

*Mark E. Vovos,* for petitioner.

*Gary A. Riesen, Prosecuting Attorney,* for respondent.

*Eileen Farley* on behalf of Washington Association of Criminal Defense Lawyers, amicus curiae for petitioner.

GREEN, A.C.J.—William M. Hamilton, an attorney, was charged with 11 counts of first degree theft and 1 count of second degree theft of money from the estate of John Stratton. He claims his use of the moneys had been authorized by Mr. Stratton prior to his death. The State moved

in limine to prevent Mr. Hamilton from testifying regarding conversations he had with Mr. Stratton:

> COMES NOW the State of Washington . . . and hereby moves the court for an order limiting and restricting the defendant William M. Hamilton from raising in opening statement, testifying to, or offering exhibits in support of the following propositions:
>
> 1. That John Stratton, deceased, made statements to the defendant William Hamilton that Hamilton could use or invest monies belonging to John Stratton or his estate . . ..

The motion was granted on the basis the comments were hearsay and irrelevant. We granted Mr. Hamilton's petition for discretionary review.

Mr. Stratton was a beneficiary of his deceased father's estate in California. He anticipated receiving approximately $72,000. Mr. Hamilton, who acted as Mr. Stratton's attorney for several years, offered testimony that in early 1984 Mr. Stratton told him he could borrow the California funds when they were received. Mr. Stratton's authorization was based on feelings his family abandoned him after his stroke. He allegedly expressed a preference that Mr. Hamilton, his cordial friend and trusted attorney, use the money to strengthen his law practice. Specifically, Mr. Hamilton sought to testify to the effect:

> "John talked to me about his inheritance. John was in a nursing home and still suffering from the effects of the stroke so he really didn't have any use for the money. I know John didn't want his children to get the money. John told me to use the money in my best judgment and to repay it as I saw fit."

Mr. Stratton died in July 1984.

Mr. Hamilton thereafter proceeded with the initial steps of probating the Stratton estate. Twice, for procedural reasons, a petition for probate to the Chelan County Superior Court was denied. During October 1985, Mr. Hamilton received Mr. Stratton's California inheritance in the amount of $71,811.19. He deposited the funds in a bank account on which he was the only signatory. Between November 1985 and September 1986, he made withdrawals from the account of approximately $71,000. Mr. Hamilton

claims he executed a promissory note contemporaneous with each withdrawal.

In August 1988, the surviving wife, Ethel Stratton, retained a lawyer to probate her deceased husband's estate. In the course of transferring estate documents to another attorney, Mr. Hamilton, who had filed bankruptcy in early 1987, admitted he used estate money for his own use and was unable to replace the funds. In December the State filed the 12–count information charging Mr. Hamilton with theft. Thereafter, discretionary review of the order granting the motion in limine was granted.

Mr. Hamilton contends the court erred by ruling he could not testify to his conversations with Mr. Stratton on the basis the statements were hearsay. It is his position that the conversations are not offered to prove the truth of the statements, but only to show his state of mind and belief he had permission to use the money. ER 801. Thus, he contends they were not hearsay. The Washington Association of Criminal Defense Lawyers appeared amicus curiae and supports Mr. Hamilton's position. Although the State is free to argue the weight this evidence should be given, the amicus curiae and Mr. Hamilton assert the admissibility of the testimony is unquestionable.

 Whether statements are hearsay depends upon the purpose for which they are offered. If offered to prove the truth of the matter asserted, the evidence is hearsay; if offered for another purpose, it is not. ER 801(c). Evidence of out–of–court statements may prove the mental or emotional state of a person who hears the comments. 5B K. Tegland, Wash. Prac. § 336 (3d ed. 1989). As stated by this court in *State v. Mounsey*, 31 Wn. App. 511, 522 n.3, 643 P.2d 892, *review denied*, 97 Wn.2d 1028 (1982):

> The testimony would have been proper pursuant to ER 801 and would not have been hearsay because it would have been intended to go to Mounsey's state of mind and not to stand for the truth of the matter stated, nor was it intended to prove the complainant's conduct pursuant to ER 404. For purposes of showing Mounsey's state of mind, it would not have mattered if

the testimony was false, so long as it tended to prove what Mounsey was told.

Here, the conversations with Mr. Stratton were offered to prove Mr. Hamilton's belief he had permission to remove the funds from the estate bank account. If Mr. Hamilton is permitted to recount his conversations with Mr. Stratton, a jury might believe he lacked the criminal intent necessary to convict him of theft. *State v. Hicks,* 102 Wn.2d 182, 184, 683 P.2d 186 (1984); *State v. Steele,* 150 Wash. 466, 273 P. 742 (1929).

It is well established that out–of–court statements offered to show the defendant's state of mind are not hearsay and are admissible. ER 801(c); *see Brown v. Coca–Cola Bottling, Inc.,* 54 Wn.2d 665, 667–68, 344 P.2d 207 (1959) (statements of doctor not offered to prove truth, but to establish state of mind of patient); *State v. Stubsjoen,* 48 Wn. App. 139, 146, 738 P.2d 306 (statements offered to show the declarant's state of mind were not hearsay), *review denied,* 108 Wn.2d 1033 (1987). Similar applications of this rule have been made in *United States v. Leake,* 642 F.2d 715 (4th Cir. 1981) and *United States v. Jackson,* 621 F.2d 216 (5th Cir. 1980). Moreover, in criminal actions, a defendant is generally allowed to testify as to what was in his mind at the time he engaged in the harmful conduct. 2 J. Wigmore, *Evidence* § 581 (1979). Thus, we find the court erred by excluding the testimony on the basis it was hearsay. However, a proper instruction limiting the jury's use of the testimony should be given.

█ The State argues the testimony is inadmissible, in any event, based on the deadman's statute, RCW 5.60.030. It attempts to distinguish *State v. Doubleday,* 198 Wash. 440, 88 P.2d 841 (1939). We find *Doubleday* controlling. There, the court held "the state cannot invoke the ban of the [deadman's] statute" in criminal actions. *Doubleday,* at 442. The State's attempt to factually distinguish *Doubleday* does not undermine the rule.

Thus, we conclude the court erred in granting the State's motion in limine. The testimony was admissible to establish Mr. Hamilton's state of mind. Since the exclusion was prejudicial error, we reverse and remand for trial.

Reversed.

THOMPSON and SHIELDS, JJ., concur.