# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50967-9-II |
| Respondent, | |
| v. | |
| JOSEPH A. JONES, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, P.J. — Joseph Jones appeals his conviction for burglary in the second degree. The conviction arose after a landowner found Jones and two others in a carport on his property.[1]

Jones argues that the trial court violated his Sixth Amendment right to present a defense when it erroneously excluded relevant evidence. We agree. We therefore reverse and do not address Jones's other argument.

## FACTS

Lawrence Smith owned property in Lewis County. The property had a 30-foot driveway leading to a house and carport. The carport had a no trespassing sign.

One morning, Smith returned to his property driving his truck. He noticed a white sport utility vehicle (SUV) backed into his driveway by his carport. As Smith drove down his driveway, he saw three individuals in the carport, later identified as Jones, Sunnie Stokes, and Ashlie Nelson. Smith blocked in the SUV with his truck.

---

[1] The parties do not dispute that the carport was a building. RCW 9A.04.110(5).

When Jones, Stokes, and Nelson saw Smith, they got into Stokes's SUV. To keep them from escaping, Smith used his truck to push the SUV into the carport. Jones, Stokes, and Nelson then exited the SUV, ran down the road adjacent to Smith's property, and hitchhiked away from the property. Shortly thereafter, the police pulled over the vehicle that had picked them up.

The police then went to Smith's property and had him look in Stokes's SUV. Smith saw numerous items of his inside the SUV. Smith stored most of those items in his carport.

The State charged Jones, Stokes, and Nelson with burglary in the second degree. Jones filed a motion for severance, which the trial court granted.

The matter proceeded to trial. Jones testified as follows. The night before the incident, he, Stokes, and Nelson all stayed at a campground in Lewis County. Stokes and Nelson informed Jones of the general area where they would be going the following morning.

When Jones awoke, he noticed that his truck had a flat tire. Stokes and Nelson were gone, so Jones went to catch up with them and see if they could help him fix his truck. He hitchhiked and had the driver stop when he saw Stokes's SUV.

Jones wanted to testify that Stokes and Nelson told him they were on Smith's property with permission to clean it up. However, during a pretrial hearing, the court granted the State's motion to exclude this evidence as inadmissible hearsay. Jones had argued that the statement was not hearsay because he was not offering it for the truth of the matter asserted. Rather, it went to his state of mind.

The jury found Jones guilty of burglary in the second degree. Jones appeals.

ANALYSIS

Jones argues that the trial court violated his constitutional right to present a defense when it erroneously excluded relevant nonhearsay evidence. We agree.

Criminal defendants have a constitutional right to present a defense. U.S. CONST. amends. V, VI, XIV; WASH. CONST. art. I, §§ 3, 22; *Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973). However, "[t]his right is not absolute." *State v. Arredondo*, 188 Wn.2d 244, 265, 394 P.3d 348 (2017). It does not extend to irrelevant or inadmissible evidence. *State v. Wade*, 186 Wn. App. 749, 764, 346 P.3d 838 (2015). "The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988). The defendant's right to present a defense is subject to "established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers*, 410 U.S. at 302; *State v. Cayetano-Jaimes*, 190 Wn. App. 286, 296, 359 P.3d 919 (2015).

> When reviewing evidentiary errors potentially implicating constitutional rights,
>
> we first look to see if the trial court abused its discretion in excluding evidence. . . . If there is no abuse of discretion, the inquiry ends because there is no error. If the trial court does abuse its discretion, then we take the next step and review de novo the claim that a constitutional right has been violated. We do not, however, review the court's evidentiary ruling de novo. Only the claimed violation of a constitutional right is reviewed de novo.

*State v. Blair*, 3 Wn. App. 2d 343, 351, 415 P.3d 1232 (2018).[2]

---

[2] There is a disagreement on the use of this test. *Compare Blair*, 3 Wn. App. 2d at 350-52, *with State v. Horn*, 3 Wn. App. 2d 302, 310-11, 415 P.3d 1225 (2018). Here, the result is the same under either approach.

We review whether a statement is hearsay de novo. *State v. Gonzalez-Gonzalez*, 193 Wn. App. 683, 688-89, 370 P.3d 989 (2016). An out-of-court statement offered to prove the truth of the matter asserted is hearsay. ER 801(c). Unless an exception or exclusion applies, hearsay is inadmissible. ER 802. Out-of-court statements offered to prove the mental state of the person who hears them are not hearsay. *State v. Hamilton*, 58 Wn. App. 229, 232, 792 P.2d 176 (1990).

We review a trial court's exclusion or admission of evidence for an abuse of discretion. *State v. Garcia*, 179 Wn.2d 828, 846, 318 P.3d 266 (2014). A trial court abuses its discretion if it applies the wrong legal standard. *State v. Madsen*, 168 Wn.2d 496, 504, 229 P.3d 714 (2010).

We conclude that the trial court abused its discretion by excluding Jones's proffered testimony. Jones offered the statement as evidence of his state of mind, not to prove the truth of the matter asserted. It was not hearsay.

We also conclude that the trial court's error deprived Jones of his constitutional right to present a defense. "Whether the exclusion of testimony violated the defendant's Sixth Amendment right to present a defense depends on whether the omitted evidence evaluated in the context of the entire record creates a reasonable doubt that did not otherwise exist." *State v. Duarte Vela*, 200 Wn. App. 306, 326, 402 P.3d 281 (2017), *review denied*, 190 Wn.2d 1005 (2018).

Here, the trial court precluded Jones from testifying about a critical piece of evidence supporting his defense theory. If believed by the jury, the evidence would have negated the requisite intent for the crime of burglary in the second degree. Therefore, the omitted evidence could have created a reasonable doubt that did not otherwise exist, and the trial court's evidentiary ruling violated Jones's Sixth Amendment right to present a defense.

Finally, we conclude that the error was not harmless. Errors of constitutional magnitude, including violations of a criminal defendant's Sixth Amendment right to present a defense, may

4

be deemed harmless beyond a reasonable doubt. *State v. Jones*, 168 Wn.2d 713, 724, 230 P.3d 576 (2010). "[E]ven a constitutional error does not require reversal if, beyond a reasonable doubt, the untainted evidence is so overwhelming that a reasonable jury would have reached the same result in the absence of the error." *State v. Saunders*, 120 Wn. App. 800, 813, 86 P.3d 232 (2004). We presume constitutional errors to be prejudicial, and the State bears the burden of proving such errors to be harmless beyond a reasonable doubt. *State v. Coristine*, 177 Wn.2d 370, 380, 300 P.3d 400 (2013).

Jones's defense theory was degraded as a result of the court's erroneous exclusion of evidence. Jones maintained his innocence. His proposed defense theory was that he awoke and noticed his truck had developed a flat tire. He then went to seek Stokes's assistance at a location where, he believed, she had permission to be. He only found out that this was not the case when Smith arrived. Under his theory, Jones never had the intent to commit a crime in Smith's carport. The trial court precluded Jones from presenting his defense theory.

Additionally, the evidence was not cumulative. Courts have found constitutional error harmless where the evidence was cumulative. *E.g.*, *State v. Todd*, 78 Wn.2d 362, 372, 474 P.2d 542 (1970) ("[E]vidence which is merely cumulative is not prejudicial error."); *State v. Saunders*, 132 Wn. App. 592, 604, 132 P.3d 743 (2006). But here, the evidence was not cumulative. No other evidence stated or implied that Stokes or Nelson told Jones they entered or remained on Smith's property with permission.

Based on the above, we conclude that the trial court's error was not harmless beyond a reasonable doubt. Accordingly, we reverse Jones's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, P.J.

We concur:

Sutton, J.

Glasgow, J.