229 P.3d 714 (2010)
168 Wash.2d 496
STATE of Washington, Respondent,
v.
Kurt Randall MADSEN, Petitioner.
No. 81450-3.
Supreme Court of Washington, En Banc.
Argued September 15, 2009.
Decided March 25, 2010.
*715 Lila Jane Silverstein, Washington Appellate Project, Seattle, WA, for Petitioner.
William Leonard Doyle, James Morrissey Whisman, King County Prosecutor's Office, Seattle, WA, for Respondent.
J.M. JOHNSON, J.
¶ 1 This case involves a criminal defendant's "right to appear and defend in person, or by counsel," which is expressly protected by Washington Constitution article I, section 22. Kurt Madsen was first represented in a criminal proceeding by counsel appointed for him. Unhappy with counsel, Madsen moved to proceed pro se on three occasions, citing and quoting the relevant Washington constitutional provision. The trial court deferred ruling on the first two motions and instead appointed new counsel. Madsen's third motion was formally denied the day before scheduled jury selection. We reverse the Court of Appeals and hold that the trial court abused its discretion by denying Madsen the right of self-representation.

FACTS AND PROCEDURAL HISTORY
¶ 2 On September 2, 2004, Madsen placed three telephone calls to Deborah Stuart in violation of a no-contact order. Between the first and second call Stuart notified the police, and Madsen was later arrested and *716 charged with three counts of felony violation of a court order under former RCW 26.50.110(1), (5) (2000).
¶ 3 At a court proceeding on January 24, 2006, Madsen's privately retained counsel withdrew and Madsen personally moved to proceed pro se. When the trial court inquired why Madsen wished to represent himself, Madsen replied that he believed he "could resolve the whole issue." Verbatim Report of Proceedings (VRP) (Jan. 24, 2006) at 5. The court deferred on ruling on the pro se request, instead appointing Madsen new counsel and stating, "After you have a chance to talk with them [new counsel], if you still want to proceed pro se, I'm more than happy to hear the motion." Id.
¶ 4 On March 7, 2006, the trial court held a hearing to consider Madsen's motion to proceed pro se or in the alternative to terminate his counsel's representation. VRP (Mar. 7, 2006) at 3. Madsen stated several reasons why he did not want to be represented by his then-counsel and concluded, "I think that I'd be better off representing myself. . . . Under Article I [Section] 22 I have a right to represent myself." Id. at 8. Madsen also tried to argue several substantive points and interrupted the court on several occasions.
¶ 5 The trial court expressed concern that Madsen's true motive was to fire counsel, not necessarily to proceed pro se, and suggested an intermediate step of assigning new counsel. Madsen replied, "I'd rather represent myself." Id. at 12. The court asked Madsen's counsel if he had any concerns regarding Madsen's competency, and counsel responded affirmatively. Madsen then said to the court, "I am gonna revert to my constitutional rights, Washington State constitutional rights, Article 1, Subsection 22, I have a right to represent myself and that's what I'm going to move forward with doing." Id. at 13.
¶ 6 The trial court responded that if Madsen wanted to proceed pro se after new counsel was appointed, the court would "entertain the motion." Id. at 19. The court also stated that it wanted someone to find out whether Madsen was competent. Madsen objected to appointment of new counsel and volunteered to take an "IQ test" or a "psychological exam[,] [w]hatever you need." Id. at 18-19. No competency hearing or exam was ever ordered. At a hearing on March 9, Madsen's new appointed counsel informed the court she had no concerns regarding Madsen. The court made no further comments regarding Madsen's competency.
¶ 7 On May 2, 2006, Madsen renewed his motion to proceed pro se. The trial court replied that it did not think Madsen was prepared to interview and select jury members or become sufficiently familiar with trial procedures in time for trial. The court then asked Madsen whether he still wished to represent himself, and Madsen replied, "at this point I am forced, almost forced into doing that, so I would say yes." VRP (May 2, 3, 4, 8, 2006) at 87. The court then stated, "I am going to deny your motion to proceed pro se. I don't feel you are prepared." Id. at 89.
¶ 8 On May 3, at the prosecutor's urging, the trial court clarified its grounds for denying Madsen's motion. The court stated it had denied Madsen's pro se motion after noting that Madsen had not been to law school, did not know how to select a jury, and that the court had noticed Madsen rolling his eyes and interpreted such as Madsen "not relish[ing] the idea" of representing himself. Id. at 138. The court again asked if Madsen wished to represent himself. Madsen refused to answer, stating that the judge had earlier told him that "the only decisions you have at this point is whether to plead guilty or not guilty." Id. at 125, 138-39. The court then noted that Madsen's motion was made when the jury was about to be selected and adjourned the hearing.
¶ 9 The trial court entered a written order on May 4, 2006, denying Madsen's pro se motion. The order stated that during the May 2 hearing, Madsen had been "extremely disruptive," "repeatedly addressed the court at inopportune times," and "consistently showed an inability to follow or respect the court's directions." Clerk's Papers (CP) at 21. The court found that Madsen "at first was equivocal" in his pro se request, that Madsen was concerned about his attorney's preparation for trial, and that the "court *717 engaged in a colloquoy [sic] with the defendant to ensure that the defendant understood the risks and consequences of self-representation." Id. The written order noted that trial was set to commence the next day, but that "regardless of whether defendant's request to proceed pro se is in his best interests, the Court finds that defendant's request was untimely, and granting the request would obstruct the orderly administration of justice." CP at 22. The first witness for trial was actually called on May 8, 2006.
¶ 10 Madsen was convicted and received an 18 month sentence on August 9, 2006. The Court of Appeals upheld Madsen's conviction. State v. Madsen, noted at 143 Wash.App. 1028, 2008 WL 625282. Madsen petitioned this court, and we granted review.[1]

ANALYSIS
¶ 11 Criminal defendants have an explicit right to self-representation under the Washington Constitution and an implicit right under the Sixth Amendment to the United States Constitution. WASH. CONST. art. I, § 22 ("the accused shall have the right to appear and defend in person"); Faretta v. California, 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). This right is so fundamental that it is afforded despite its potentially detrimental impact on both the defendant and the administration of justice. Faretta, 422 U.S. at 834, 95 S.Ct. 2525; State v. Vermillion, 112 Wash.App. 844, 51 P.3d 188 (2002). "The unjustified denial of this [pro se] right requires reversal." State v. Stenson, 132 Wash.2d 668, 737, 940 P.2d 1239 (1997) (emphasis added).
¶ 12 However, both the United States Supreme Court and this court have held that courts are required to indulge in "`every reasonable presumption' against a defendant's waiver of his or her right to counsel." In re Det. of Turay, 139 Wash.2d 379, 396, 986 P.2d 790 (1999) (quoting Brewer v. Williams, 430 U.S. 387, 404, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977)). As a request for pro se status is a waiver of the constitutional right to counsel, appellate courts have regularly and properly reviewed denials of requests for pro se status under an abuse of discretion standard. E.g., State v. Hemenway, 122 Wash.App. 787, 792, 95 P.3d 408 (2004). Discretion is abused if a decision is manifestly unreasonable or "rests on facts unsupported in the record or was reached by applying the wrong legal standard." State v. Rohrich, 149 Wash.2d 647, 654, 71 P.3d 638 (2003).
¶ 13 The right to proceed pro se is neither absolute nor self-executing. State v. Woods, 143 Wash.2d 561, 586, 23 P.3d 1046 (2001). When a defendant requests pro se status, the trial court must determine whether the request is unequivocal and timely. Stenson, 132 Wash.2d at 737, 940 P.2d 1239. Absent a finding that the request was equivocal or untimely, the court must then determine if the defendant's request is voluntary, knowing, and intelligent, usually by colloquy.[2]Faretta, 422 U.S. at 835, 95 S.Ct. 2525; State v. Stegall, 124 Wash.2d 719, 881 P.2d 979 (1994). Even if a request is unequivocal, timely, voluntary, knowing, and intelligent, a court may defer ruling if the court is reasonably unprepared to immediately respond to the request. Again, the court shall indulge in "`every reasonable presumption' against a defendant's waiver of his or her right to counsel." Turay, 139 Wash.2d at 396, 986 P.2d 790 (quoting Brewer, 430 U.S. at 404, 97 S.Ct. 1232).
¶ 14 This presumption does not give a court carte blanche to deny a motion to proceed pro se. The grounds that allow a court to deny a defendant the right to self-representation are limited to a finding that the defendant's request is equivocal, untimely, involuntary, or made without a general understanding of the consequences. Such a finding must be based on some identifiable fact; the presumption in Turay does not go so far as to eliminate the need for any basis for denying a motion for pro se status. Were it otherwise, the presumption could make the right itself illusory.
*718 ¶ 15 A court may not deny a motion for self-representation based on grounds that self-representation would be detrimental to the defendant's ability to present his case or concerns that courtroom proceedings will be less efficient and orderly than if the defendant were represented by counsel. Similarly, concern regarding a defendant's competency alone is insufficient; if the court doubts the defendant's competency, the necessary course is to order a competency review. In re Fleming, 142 Wash.2d 853, 863, 16 P.3d 610 (2001); RCW 10.77.060(1)(a).
¶ 16 Madsen made three separate motions to proceed pro se, one each in January, March, and May 2006. Though the trial court deferred its decision on Madsen's first two motions, we examine each motion independently to determine if the requirements for pro se status were met. If so, then deferring ruling on the motion is as erroneous as a denial.

a. January 24, 2006
¶ 17 Madsen's motion for pro se status on January 24, 2006, was unequivocal, timely, voluntary, knowing, and intelligent. Thus, had Madsen's motion been denied, the trial court would have committed reversible error. Madsen clearly stated that he sought pro se status and never wavered from that position. As the case had not yet been set for trial, the only conclusion that can be drawn is that Madsen's motion was both unequivocal and timely.
¶ 18 The trial court's colloquy to determine whether Madsen's motion was voluntary, knowing, and intelligent was limited to asking why Madsen wanted to represent himself, and Madsen answered that he thought he could resolve the case on his own. We need not decide whether this answer is sufficient to show that Madsen made a voluntary, knowing, and intelligent waiver of his right to counsel. Madsen gave a complete answer to the court's question. The court failed to inquire further or identify facts suggesting that Madsen's request was legally deficient. As stated above, the presumption in Turay must be coupled with some factual basis; the court cannot stack the deck against a defendant by not conducting a proper colloquy to determine whether the requirements for waiver are sufficiently met. As the court failed to ask further questions and there is no evidence to the contrary, the only permissible conclusion is that Madsen's request was voluntary, knowing, and intelligent.
¶ 19 However, the trial court did not err by deferring Madsen's motion. As the Court of Appeals properly noted, a trial court must be allowed the flexibility and discretionary authority to properly manage its own affairs. Madsen, 2008 WL 625282, at *5. The record reflects that the trial court had no notice of Madsen's desire to request pro se status prior to Madsen's saying so in the midst of his counsel's motion to withdraw. The court may reasonably have felt unprepared to immediately consider a request for pro se status. The trial court was within the bounds of proper discretion to delay ruling on the matter until it could properly prepare to rule on the issue.

b. March 7, 2006
¶ 20 Madsen's second request for pro se status was unequivocal, timely, voluntary, knowing, and intelligent, and the trial court had advance notice of Madsen's request. The trial court therefore abused its discretion by failing to grant Madsen pro se status after this request.
¶ 21 Madsen explicitly and repeatedly cited article I, section 22 of the Washington State Constitutionthe provision protecting Madsen's right to represent himself. Madsen never wavered from his demand for self-representation. Unlike his January motion, the court had clear notice; the hearing was explicitly set to consider Madsen's motion to proceed pro se or, alternatively, to fire his attorney.
¶ 22 The Court of Appeals identifies two reasons why Madsen's request was equivocal. First, it was coupled with an alternative remedy to fire Madsen's then counsel. Second, there had been court appearances after both the January and March requests where Madsen did not raise his pro se request. Both of these reasons rely on improper legal reasoning and thus reliance on such is an abuse of discretion.
*719 ¶ 23 We have previously stated that an unequivocal request to proceed pro se is valid even if combined with an alternative request for new counsel. See Stenson, 132 Wash.2d at 741, 940 P.2d 1239. The argument that Madsen's request was equivocal because it was coupled with an alternative request is fallacious and ignores this court's precedent. Madsen twice invoked and cited, by article and section, his state constitutional right to represent himself. There was no equivocation. Madsen's inclusion of an alternative remedy is irrelevant to whether Madsen's request was unequivocal.
¶ 24 The Court of Appeals also held that Madsen's motion was equivocal because Madsen waited over a month to renew his first motion, and Madsen did not subsequently renew his request for a period of time. Madsen, 2008 WL 625282, at *6. This is not the correct test. There is no requirement that a request to proceed pro se be made at every opportunity. Further, a trial court's finding of equivocation may not be justified by referencing future events then unknown to the trial court. Such prophetic vision is impossible for the trial court.[3] The trial court told Madsen on both January 24 and March 7 that it was deferring its ruling on Madsen's motion until Madsen consulted with new counsel. Madsen cannot be punished for doing exactly as the court required.
¶ 25 Madsen's request was timely. The trial court clearly thought there was sufficient time for new counsel to be appointed and become familiar with the case. In such a situation, the trial court should find that a defendant's request for pro se status is also timely unless there are specific facts that provide grounds for a contrary ruling.
¶ 26 Here, however, the trial court did not find Madsen's March 7 motion untimely as of March 7, but instead treated the motion as deferred and renewed on May 2, the day before jury selection. The trial court then held that the motion occurred the day before the scheduled jury selection and was untimely. The court erred by assessing the timeliness of all three pro se requests on the basis of the final motion renewal on May 2. As the Court of Appeals on another occasion has properly identified, timeliness is determined on a continuum:
If the demand for self-representation is made (1) well before the trial or hearing and unaccompanied by a motion for a continuance, the right of self representation exists as a matter of law; (2) as the trial or hearing is about to commence, or shortly before, the existence of the right depends on the facts of the particular case with a measure of discretion reposing in the trial court in the matter; and (3) during the trial or hearing, the right to proceed pro se rests largely in the informed discretion of the trial court.
State v. Barker, 75 Wash.App. 236, 241, 881 P.2d 1051 (1994) (emphasis added). This continuum standard was cited but improperly applied by the Court of Appeals. Madsen, 2008 WL 625282, at *5. Where a court is put on notice of a defendant's desire to proceed pro se but nevertheless delays ruling on the motion, fairness requires the timeliness of the request must be measured from the date of the initial request. State v. Breedlove, 79 Wash.App. 101, 109, 900 P.2d 586 (1995). Madsen clearly indicated on January 24 and March 7 that he desired to proceed pro se. The Court of Appeals distinguished Breedlove by noting that "Madsen allowed new counsel to represent him for substantial periods of time" and that "Madsen's persistent disruptions impaired the orderly administration of justice." Madsen, 2008 WL 625282, at *7. These distinctions are insufficient. Although the trial court's duties of maintaining the courtroom and the orderly administration of justice are extremely important, the right to represent oneself is a fundamental right explicitly enshrined in the Washington Constitution and implicitly contained in the United States Constitution. The value of respecting this right outweighs any resulting difficulty in the administration of justice.[4]
*720 ¶ 27 Closely related to timeliness is the concern that a defendant will invoke the right to self-representation to obstruct or delay the administration of justice. The Court of Appeals held that Madsen was generally disruptive, particularly during the May hearing. It must be remembered, however, that a criminal defendant's right to pro se status cannot be denied simply because affording the right will be a burden on the efficient administration of justice. Faretta, 422 U.S. at 834, 95 S.Ct. 2525; Vermillion, 112 Wash.App. at 850-51, 51 P.3d 188. Though Madsen did interrupt the trial court on several occasions, Madsen was trying to address substantive issues that the record shows he clearly thought were unresolved and were not addressed by the court. A court may deny pro se status if the defendant is trying to postpone the administration of justice. Madsen never requested a continuance. A court may not deny pro se status merely because the defendant is unfamiliar with legal rules or because the defendant is obnoxious. Courts must not sacrifice constitutional rights on the altar of efficiency.
¶ 28 The record suggests that one reason the trial court deferred ruling on Madsen's March 7 motion was concern over competency. The trial court asked Madsen's counsel if he had concerns regarding Madsen's competency. After counsel replied in the affirmative, the court immediately decided to defer ruling on the motion. Once Madsen had new counsel appointed, the court inquired as to whether this counsel had such concerns. Counsel replied that she did not, and the court voiced no further competency concerns.
¶ 29 Incompetency may be a legitimate basis to find a request for self-representation equivocal, involuntary, unknowing, or unintelligent. However, simply deferring ruling is incorrect as a matter of law. If the trial court was concerned with Madsen's competency, it should have ordered a competency hearing. Fleming, 142 Wash.2d at 863, 16 P.3d 610 ("`once there is a reason to doubt a defendant's competency, the court must follow the statute to determine his or her competency to stand trial'" (quoting City of Seattle v. Gordon, 39 Wash.App. 437, 441, 693 P.2d 741 (1985))); RCW 10.77.060(1)(a). Appointing new counsel to evaluate competency is not proper because lawyers are not mental health experts. Madsen's motion should have been granted.

c. May 2, 2006
¶ 30 Because we find that Madsen's motion to proceed pro se was improperly denied on March 7, 2006, we need not determine whether the trial court's denial of Madsen's May 2, 2006, motion was further error.

CONCLUSION
¶ 31 We hold the trial court's denial of Madsen's motion for pro se status was error. Madsen was entitled as a matter of law to an order allowing him to defend in person as guaranteed by the Washington Constitution. We reverse the Court of Appeals and remand for further proceedings.
WE CONCUR: Chief Justice MADSEN, Justice ALEXANDER, Justice SANDERS, Justice CHAMBERS, Justice STEPHENS, concurs in result only.
FAIRHURST, J. (concurring).
¶ 32 I agree with the majority that Kurt Randall Madsen was effectively denied his right to proceed pro se. I write separately because the majority unwisely erodes the requirement that a waiver of counsel be knowing, voluntary, and intelligent.
¶ 33 Criminal defendants have the right to represent themselves at trial. WASH. CONST. art. I, § 22; U.S. CONST. amend. VI; Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). This right stands in opposition to a defendant's right to the assistance of counsel. State v. DeWeese, 117 Wash.2d 369, 376, 816 P.2d 1 (1991). One cannot proceed pro se without waiving the right to assistance of counsel. City of Bellevue v. Acrey, 103 Wash.2d 203, 209, 691 P.2d 957 (1984). It is therefore out of caution that the law requires courts to "`indulge in every reasonable presumption' against a defendant's waiver of his or her right to counsel." In re Det. of Turay, 139 Wash.2d 379, 396, *721 986 P.2d 790 (1999) (quoting Brewer v. Williams, 430 U.S. 387, 404, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977)).
¶ 34 In order to prevent "capricious waivers of counsel" and "manipulative vacillations by defendants," a defendant's request to proceed pro se must be unequivocal. DeWeese, 117 Wash.2d at 376, 816 P.2d 1. The right to represent oneself is not absolute, and the request to proceed pro se must also be timely. Id. at 377, 816 P.2d 1. Additionally, the law requires that a defendant's waiver of the right to counsel be knowing, voluntary, and intelligent. Acrey, 103 Wash.2d at 208-09, 691 P.2d 957.
¶ 35 I agree with the majority's conclusion that Madsen's requests on both January 24, 2006 and March 7, 2006 were timely and unequivocal. However, I disagree with the majority's conclusion that Madsen made a knowing, voluntary, and intelligent waiver of counsel.
¶ 36 In order to show that a waiver is knowing, voluntary, and intelligent, the record at a minimum "must reflect that the defendant understood the seriousness of the charge, the possible maximum penalty involved, and the existence of the technical procedural rules governing the presentation of his defense." DeWeese, 117 Wash.2d at 378, 816 P.2d 1. The preferred method of establishing that the defendant understands the risks of proceeding pro se is by a colloquy on the record. Id.
¶ 37 Here, the trial court never engaged in a colloquy on the record that informed Madsen of the nature of the charges, the severity of the penalties, or the existence of technical procedures. Nor does the record reflect that Madsen understood the risks of proceeding pro se. Despite this, the majority finds that Madsen made a knowing, intelligent, and voluntary waiver.[1] Majority at 718. The majority bases this conclusion on the fact that "the court failed to ask further questions and there is no evidence to the contrary." Id. The majority's logic effectively flips the Turay presumption against a waiver of counsel and is a radical change from the existing standard.
¶ 38 The majority justifies its decision by recognizing that a trial court "cannot stack the deck against a defendant by not conducting a proper colloquy." Id. The majority does well to identify that a court has a duty to engage in a colloquy. If a court could refuse to undertake a colloquy, the court could effectively strip defendants of the right to self-representation by ensuring that a record is insufficient to show a knowing, voluntary, and intelligent waiver. However, removing the requirement that the record establish that the defendant understands the risks of proceeding pro se is the wrong way to address this problem.
¶ 39 I would conclude that if a defendant makes a timely and unequivocal request to proceed pro se, then a court errs when it fails to engage in a colloquy where the record does not otherwise establish that the defendant understands the charges, penalties, and procedures. A court's failure to engage in a colloquy would not be error if the court attempted to engage in one and that attempt was thwarted by the defendant. A court would still have discretion to defer ruling on the motion to proceed pro se and consequently defer engaging in the colloquy, if such a deferral is justified.
¶ 40 Here, because Madsen's request was timely and unequivocal, and the record does not otherwise establish that Madsen understood the risks of proceeding pro se, the trial court had an obligation to engage in a colloquy. The court never undertook a proper colloquy. Therefore, the court erred unless Madsen prevented the court from engaging in a colloquy, or the court properly deferred ruling on the issue.
¶ 41 The State asserts that the trial court's attempts to engage in a colloquy were thwarted by Madsen. It is undoubtedly true that trial courts will often face great difficulties when dealing with pro se defendants. While the record makes it sufficiently clear *722 that Madsen's interjections presented obstacles for the trial court, I would not find that Madsen prevented the trial court from engaging in a colloquy. Each case must be judged on its own facts and particular circumstances, and I can conceive of no single incantation that would resolve in every situation the question of whether an attempt to engage in a colloquy has been frustrated by the defendant. However, I would be more sympathetic to the State's argument if the record reflected that the trial court had warned Madsen that a failure to engage in the colloquy would prevent Madsen from representing himself. On this record, I do not find the State's argument persuasive.
¶ 42 The remaining question in this case is whether the trial court's deferrals on January 24, 2006 and March 7, 2006 were proper. We have recognized that trial courts have discretion in managing their calendars. State ex rel. Sperry v. Superior Court, 41 Wash.2d 670, 671, 251 P.2d 164 (1952). Similarly, a trial court's decision to grant or deny a continuance falls within its sound discretion. State v. Downing, 151 Wash.2d 265, 272, 87 P.3d 1169 (2004). A trial court abuses its discretion when its decision is based on untenable grounds or made for untenable reasons. Id.
¶ 43 I agree with the majority that Madsen's request was properly deferred on January 24, 2006 because the trial court did not have prior notice of the request. I also agree with the majority that Madsen's request on March 7, 2006 was not so unexpected as to warrant deferral. However, I would find that further analysis is required to hold the trial court in error.
¶ 44 I conclude that a court's discretionary decision to defer ruling on a motion to proceed pro se should be upheld if the deferral was based on tenable grounds and tenable reasons.[2] The trial court stated that it was deferring Madsen's motion to proceed pro se to find out "number one, whether he's competent... [a]nd, number two, whether or not he's going to get along with new counsel and not want to represent himself." Report of Proceedings (Mar. 7, 2006) at 17. Neither of these reasons is tenable.
¶ 45 If the court was concerned about Madsen's competency, it should have ordered a competency hearing under RCW 10.77.060. If "there is a reason to doubt [a defendant's] competency," RCW 10.77.060(1)(a)-(b) prescribes procedures by which the defendant shall be examined. RCW 10.77.060(1)(a) does not anticipate lawyers acting in place of mental health professionals. Because the trial court did not order a competency review, Madsen's competence cannot be an appropriate basis to defer ruling on his pro se motion.
¶ 46 Similarly, deferral cannot be justified as giving Madsen another chance to visit with counsel and possibly change his mind. While I hesitate to rule that such a reason could never justify deferral, it was an inappropriate reason to defer ruling at the March 7, 2006 hearing. The trial court had already required Madsen to meet with new counsel after the January 24, 2006 hearing. Because Madsen rejected his first assigned counsel and had again requested to proceed pro se, requiring Madsen to go through the same process again is not a tenable reason for deferral. Accordingly, the trial court's deferral was in error.
¶ 47 Because the trial court did not engage in a colloquy with Madsen, and because the deferral was not justified by tenable reasons, Madsen was denied the opportunity to establish that his waiver was knowing, voluntary, and intelligent. Therefore, the trial court effectively deprived Madsen of his right to proceed pro se. Consequently, I would reverse *723 the Court of Appeals and remand for a new trial.
WE CONCUR: Justice SUSAN OWENS, Justice CHARLES W. JOHNSON.
NOTES
[1] Because we find error in the trial court's denial of Madsen's motion to proceed pro se, we need not address other claims raised by Madsen.
[2] A colloquy is unnecessary if there are independent, identifiable facts that show whether the request is voluntary, knowing, and intelligent.
[3] The Court of Appeals succumbed to the historian's fallacy by relying on then-future events to justify the trial court's denial of Madsen's request.
[4] After pro se status is granted, the court retains power to impose sanctions for improper courtroom behavior. The court may also appoint standby counsel or allow hybrid representation and even terminate pro se status if a defendant is sufficiently disruptive or if delay becomes the chief motive.
[1] The majority refers to Madsen's request as being knowing, voluntary, and intelligent. Majority at 718. However, a request need only be timely and unequivocal. In order to avoid confusing the request to proceed pro se with the waiver of the right to counsel, a better practice would be to refer to the waiver as knowing, voluntary, and intelligent.
[2] The majority opinion is less than clear about when a court may defer ruling on defendant's motion to proceed pro se. The majority opens by stating that "a court may defer ruling if the court is reasonably unprepared to immediately respond to the request." Majority at 717. However, the majority then categorically states that if all the requirements for proceeding pro se are met, "then deferring ruling on the motion is as erroneous as a denial." Majority at 718. Ultimately, the majority finds that Madsen's request on January 24, 2006 was timely and unequivocal, and his waiver was knowing, voluntary, and intelligent. Majority at 718. Despite finding all of the requirements met, the majority concludes that it was not error to defer ruling on Madsen's motion because the trial court had no prior notice of Madsen's pro se request. Majority at 718.