IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31754-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LONNIE L. BLACK, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Before allowing a defendant to proceed pro se, the trial

court must ensure that the defendant makes a voluntary, knowing, and intelligent waiver

of counsel. At a minimum, the defendant must be aware of the nature of the charges, the

maximum possible penalty if convicted, and the risks of self-representation. Here, Lonnie

Black contends the trial court erred when it allowed him to represent himself at trial

without advising him of the maximum penalties he faced upon conviction. The State

concedes that Mr. Black did not make a knowing and intelligent waiver of his right to

counsel. We therefore reverse and remand for a new trial.

FACTS

The State charged Lonnie Black with second degree assault, alleging he assaulted his wife, Melissa Black, by strangulation or suffocation. During trial, the prosecutor questioned Ms. Black repeatedly about statements she made to the police, medical personnel, and the prosecutor's office. Ms. Black asserted that she did not recall most of the alleged statements.

On the second day of trial, Mr. Black told the court he believed his appointed attorney was biased against him and unwilling to present any defense. He asserted, "I've told her the truth on what happened from the beginning. She hasn't done anything with it. If anything, she's biased against me." Report of Proceedings (RP) at 50. Mr. Black explained: "[Defense counsel] says our defense is they can't prove it. That's not a defense." RP at 49. The court declined to appoint new counsel, finding:

> At this point the court does not believe that there is a conflict or that there has been established an ineffective assistance of counsel in this particular matter. And I understand this is a very, very serious matter to everyone involved, and particularly to you, Mr. Black; but your attorney does have experience in these types of matters and it is her responsibility to address trial strategy.

RP at 53-54.

Mr. Black responded, "I think I would be better off without her, your Honor . . . I don't know how it works pro se . . . [b]ut I have an interest into defending myself and

2

not just letting the prosecutor just run wild." RP at 54. The trial court engaged in the

following colloquy with Mr. Black:

> THE COURT: Excuse me. Alright, so I can talk to you about that. You have a right to represent yourself if you so choose. You need to understand that if you do choose to represent yourself, you're going to be held to the same standards as if you were a lawyer. You will be responsible for knowing the court procedures and the court rules and complying with those, complying with the rules of evidence. When you present evidence, when you examine witnesses, that would be all your responsibility to do that in performance with the law.
> Do you have any training at all in the law?
> THE DEFENDANT: No, sir, but—
> THE COURT: You do—as I say, you do have that right, but you need to understand that you may find yourself at a significant disadvantage if you choose to represent yourself.
> THE DEFENDANT: Can I get a legal aid assistance somehow?
> THE COURT: That's your choice.
> THE DEFENDANT: Can I get assistance for—instead of counsel just saying they can't prove it and letting the prosecutor make all these ugly stuff?
> THE COURT: Like I said, . . . you have an attorney that's been appointed to you, and the attorney's job is to determine trial strategy.
> . . . I cannot appoint another attorney to represent you.
> You do have the right to represent yourself, but you need to understand that you're going to be held to all the same standards as if you were a lawyer and the court's going to treat you in that fashion.
> THE DEFENDANT: I don't know all the rules, Your Honor.
> THE COURT: That's what I'm trying to—okay, I understand that. That's something of concern. But you will be responsible to comply with those rules if you want to represent yourself.

RP at 55-56.

After consulting with appointed counsel, Mr. Black told the court that he

3

understood that appointment of standby counsel would be an option and that he would like to exercise that option. The judge explained the limitations of this option and advised Mr. Black that he would be at a "significant disadvantage" if he represented himself. RP at 59. The judge reiterated that Mr. Black would be held to the same standard as a lawyer and would "be responsible for whatever results come from that. Just so you're aware. It's a very serious matter and a very serious step that you're taking." RP at 61. The judge then stated, "It's up to you to represent yourself . . . and take the consequences of that." RP at 62. Mr. Black asked: "What are the consequences? Am I going to get in trouble here?" RP at 63. The court responded:

> However this trial turns out, I guess, that's—you're going to represent yourself, and I don't know what the outcome of the trial will be, but that is something that you are responsible for as your attorney, so—or as representing yourself.
> So—because you're not getting to be in trouble with the court or anything of that nature.

RP at 63.

Mr. Black, with some reservation, indicated he wanted to represent himself, explaining, "I don't think this is a super intelligent move, but I believe defending my character and my name counts and to just stand here and can't prove it, let them prove it, I don't think that's a fair defense." RP at 62-63. The court allowed Mr. Black to proceed pro se. A jury found Mr. Black guilty of second degree assault.

4

ANALYSIS

Mr. Black asserts that the trial court erred by granting his request to waive his right to the assistance of counsel and to proceed pro se. He specifically contends that the court failed to provide any meaningful response to his expressed concern about the consequences of representing himself. He asserts that at a minimum, the court should have advised him that should he be convicted of second degree assault, the maximum penalty would be incarceration for 10 years. The State concedes error based on the trial court's failure to inform Mr. Black of the maximum penalty if convicted.

A criminal defendant has the right to assistance of counsel, but he also has the right to waive assistance of counsel. *Faretta v. California*, 422 U.S. 806, 819, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). The right to represent oneself in court is grounded in the federal constitution. In *Faretta*, the United States Supreme Court held that the Sixth Amendment provides a right to self-representation. *Faretta*, 422 U.S. at 807. The Washington State Constitution expressly guarantees a defendant's right to self-representation: "In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel." CONST. art. I, § 22 (amend. 10).

A court may not deny a motion for self-representation on the grounds that self-representation would be detrimental to the defendant's ability to present his case. *State v.*

*Madsen*, 168 Wn.2d 496, 505, 229 P.3d 714 (2010). Rather, the trial court may only deny

a motion to proceed pro se when the request is equivocal, untimely, involuntary, or made

without a general understanding of the consequences. *Id.* at 504-05. If the request is

neither equivocal nor untimely, then the court considers whether the request is voluntary,

knowing, and intelligent. *Id.* at 504.

The trial court is responsible for assuring that decisions regarding self-

representation are made with at least minimal knowledge of what is required in pro se

representation. *City of Bellevue v. Acrey*, 103 Wn.2d 203, 210, 691 P.2d 957 (1984). In

*Acrey*, our Supreme Court enumerated the criteria for determining the validity of waiver

of counsel. The court held that a colloquy on the record is the preferred means of

assuring that a defendant understands the risks of self-representation and that the

colloquy, at a minimum, should inform the defendant of the nature and classification of

the charges, the possible maximum penalty involved, and the existence of technical and

procedural rules that would bind the defendant at trial. *Id.* at 211. "Whether the waiver is

valid lies within the sound discretion of the trial court, who should indulge every

presumption against a valid waiver." *State v. Silva*, 108 Wn. App. 536, 539, 31 P.3d 729

(2001).

If a defendant seeks to represent himself and the court fails to explain the

consequences of such a decision to him, the State is not entitled to have a resulting conviction affirmed, and the defendant is entitled to a reversal and an opportunity to make an informed and knowing choice. *United States v. Arlt*, 41 F.3d 516, 521 (9th Cir. 1994). Further, the right to counsel is so fundamental to the right to a fair trial that any deprivation of it is not subject to harmless error analysis. *Silva*, 108 Wn. App. at 542. Even the most skillful of defendants cannot make an intelligent choice without knowledge of all facts material to the decision. Absent this critical information, a defendant cannot make a knowledgeable waiver of his constitutional right to counsel. *Id.* at 541.

Here, the trial judge did not discuss the nature and classification of the charge, nor did it discuss the maximum penalty faced by Mr. Black if he was convicted. The court's generalized warning without specific reference to the charge and maximum penalty did not impart sufficient information by which Mr. Black could make a voluntary, knowing, and intelligent waiver of his right to counsel. Accordingly, we accept the State's concession: we reverse Mr. Black's conviction and remand for a new trial.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

No. 31754-4-III
*State v. Black*

Lawrence-Berrey, J.

WE CONCUR:

Siddoway, C.J.

Brown, J.

8