# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46241-9-II |
| Respondent, | |
| v. | |
| JOSHUA L. HUNTER, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Joshua L. Hunter appeals his conviction of attempting to elude a pursuing police vehicle, arguing that the trial court erred by refusing to allow him to represent himself and give closing argument in his trial. Because Hunter's request to represent himself was untimely, the trial court did not abuse its discretion in denying it. We affirm the conviction.

FACTS

The State charged Hunter by amended information with attempting to elude police vehicle[1] and driving under the influence (DUI).[2] At the trial confirmation hearing, Hunter asked for a new attorney because he was having difficulty contacting his current attorney. The trial court denied his request, stating that his trial would start the following week.

Before testimony began on the first day of trial, Hunter complained to the court that he was not being well represented and that he did not "see where we're going." 1 Report of Proceedings (RP) at 18. The trial court told Hunter to review the evidence with his attorney during the lunch

---

[1] RCW 46.61.024

[2] RCW 46.61.502

recess. Following that recess, Lewis County Deputy Sheriff Susan Shannon testified about contacting Hunter's parked car on a highway shoulder and her subsequent pursuit of Hunter's car. Officer Perry Royle, Shannon's backup, corroborated her description of the initial contact with Hunter and the ensuing pursuit.

After the officers testified, the defense moved unsuccessfully to dismiss the DUI charge for insufficient evidence. Hunter then complained to the court that his attorney had not asked the officers questions that were vital to his case. The court told Hunter to talk to his attorney about the scope of questioning and to rely on his attorney's advice and expertise.

Hunter chose to testify. He testified at length about the stop and the pursuit. He admitted that he fled from the officers but explained that he did so because he feared they were going to kill him. When defense counsel declined to question Hunter on redirect, Hunter said that he would "like to redirect." 1 RP at 117. The trial court denied that request. The trial court then declined to give defense counsel's proposed instruction on duress.

When trial resumed the following day, the court presented its instructions to the parties for review. Hunter then complained that he had been unable to cross-examine the witnesses and that his attorney had not asked them important questions. When the court responded that it was time to bring the jury in and hear closing arguments, Hunter asked if he could present his own closing argument. The court replied that his attorney would do that.

Hunter then stated that he wanted to fire his attorney. The court denied his request because Hunter made it after all the evidence had been presented at trial. Hunter protested that his attorney had not asked the proper questions when he and the officers testified. The court replied that it was hard "to conceive of any questions that could be asked that would have elicited more information than you gave on the stand." 2 RP at 130. When asked to specify the questions that defense

counsel had neglected to ask, Hunter talked about the facts of the stop. The court explained that the jury had heard his version of events. The parties then gave their closing arguments.

The jury found Hunter guilty of attempting to elude but not guilty of the DUI charge. 2 RP 168. The trial court imposed a standard range sentence. CP 9-10. Hunter now appeals his conviction, arguing that the trial court violated his constitutional right to represent himself.

ANALYSIS

We review decisions on the right to self-representation for abuse of discretion. *State v. Coley*, 180 Wn.2d 543, 559, 326 P.3d 702 (2014), *cert. denied*, 135 S. Ct. 1444 (2015). We reverse such decisions only if they are manifestly unreasonable, rely on unsupported facts, or apply an incorrect legal standard. *Coley*, 180 Wn.2d at 559.

Criminal defendants have an explicit right to self-representation under the Washington Constitution and an implicit right under the Sixth Amendment to the United States Constitution. *State v. Madsen*, 168 Wn.2d 496, 503, 229 P.3d 714 (2010). "This right is so fundamental that it is afforded despite its potentially detrimental impact on both the defendant and the administration of justice." *Madsen*, 168 Wn.2d at 503. Nevertheless, courts must "'indulge in every reasonable presumption'" against a defendant's waiver of his right to counsel. *In re Det. of Turay*, 139 Wn.2d 379, 396, 986 P.2d 790 (1999) (quoting *Brewer v. Williams*, 430 U.S. 387, 404, 97 S. Ct. 1232, 51 L. Ed. 2d 424 (1977)).

The right to self-representation is neither absolute nor self-executing. *Madsen*, 168 Wn.2d at 504. When a defendant asks to represent himself, the trial court first must determine whether the request is unequivocal and timely. *State v. Stenson*, 132 Wn.2d 668, 737, 940 P.2d 1239 (1997). Absent a finding that the request was equivocal or untimely, the trial court must determine if the request was voluntary, knowing, and intelligent. *Madsen*, 168 Wn.2d at 504.

3

The State concedes that Hunter's request to represent himself was unequivocal, but it argues that his request was untimely because it occurred at the close of evidence. To be timely, the demand for self-representation should be made a reasonable time before trial. *State v. Fritz*, 21 Wn. App. 354, 361, 585 P.2d 173 (1978). Other decisions explain that timeliness is determined on a continuum:

> "If the demand for self-representation is made (1) well before the trial or hearing and unaccompanied by a motion for a continuance, the right of self representation exists as a matter of law; (2) as the trial or hearing is about to commence, or shortly before, the existence of the right depends on the facts of the particular case with a measure of discretion reposing in the trial court in the matter; and (3) during the trial or hearing, the right to proceed pro se rests largely in the informed discretion of the trial court."

*Madsen*, 168 Wn.2d at 508 (quoting *State v. Barker*, 75 Wn. App. 236, 241, 881 P.2d 1051 (1994)) (emphasis omitted).

Hunter complains that the trial court did not exercise its discretion in denying his request but instead made an erroneous "snap judgment." Brief of Appellant, at 17. He argues that given his mid-trial request, the following standard applied:

> "When such a midtrial request for self-representation is presented the trial court shall inquire *sua sponte* into the specific factors underlying the request thereby ensuring a meaningful record in the event that appellate review is later required. Among other factors to be considered by the court in assessing such requests made after the commencement of trial are the quality of counsel's representation of the defendant, the defendant's prior proclivity to substitute counsel, the reasons for the request, the length and stage of the proceedings, and the disruption or delay which might reasonably be expected to follow the granting of such a motion. Having established a record based on such relevant considerations, the court should then exercise its discretion and rule on the defendant's request."

*Fritz*, 21 Wn. App. at 363 (quoting *People v. Windham*, 19 Cal. 3d 121, 128-29, 137 Cal. Rptr. 8, 560 P.2d 1187, 1191-92 (1977)); *see also State v. Breedlove*, 79 Wn. App. 101, 107, 900 P.2d 586

4

(1995) (if request is made mid-trial, trial court must balance the defendant's interest in self-representation against society's interest in the orderly administration of justice).

The record demonstrates that the trial court considered Hunter's dissatisfaction with his attorney throughout the proceedings and engaged in the recommended inquiry during the course of the trial. It discussed with Hunter the reasons for his request to represent himself. When Hunter complained that his attorney had not asked the right questions, the trial court asked him to be specific. Hunter then described what happened during the stop, and the trial court stated that this information was before the jury because Hunter had so testified. Hunter then stated that he wanted his attorney to ask what the officer said during the stop, and the court replied that she had so testified. When Hunter replied that she testified incorrectly, the court responded as follows:

> And you gave that testimony. You said that that never happened. You told the jury that. All right? So anyway, your version of the events is squarely before the jury. You gave a lot of testimony yesterday. You—set it out in great detail that it happened differently than what the officers testified about. So your story is in front of the jury. That was all brought out between the questions that [defense counsel] asked and the testimony that you gave. It's all there.

2 RP 132-33.

The record therefore shows that when Hunter asked to represent himself at the close of evidence, the trial court had already explored the reasons for his request. His desire to give closing argument was part of the continuing request to represent himself. The record as a whole illustrates that the trial court properly addressed that request. It knew why Hunter wanted to represent himself based on its familiarity with the case and with Hunter's repeated complaints. Moreover, courts are to indulge in every reasonable presumption against a defendant's waiver of counsel. *See Turay*, 139 Wn.2d at 396. We see no abuse of discretion in the trial court's denial of Hunter's untimely request to represent himself.

5

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Worswick, J.

_____
Johanson, C.J.