# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57358-0-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| DANIEL MAGANA PIZANO, | |
| Appellant. | |

MAXA, P.J. – Daniel Magana Pizano appeals his conviction of delivery of a controlled substance-methamphetamine. He argues that the trial court violated his right to self-representation when it summarily denied his request to represent himself and that the trial court's jury instructions improperly defined delivery to include an attempt to deliver. The State concedes that the trial court erred when it denied Magana Pizano's request to represent himself and that the jury instruction defining delivery was improper. The parties have filed a joint motion to vacate Magana Pizano's conviction.[1]

We accept the State's concessions, vacate the conviction, and remand this matter for further proceedings.

## FACTS

The State charged Magana Pizano with delivery of a controlled substance.

---

[1] Magana Pizano also challenges the trial court's to-convict jury instruction. Because the parties have filed a joint motion to vacate the conviction based on the conceded issues without reference to this additional issue, we do not address this issue.

On the morning of trial, the trial court held a CrR 3.5 hearing. After the State's witness testified, the court advised Magana Pizano that he could testify at this hearing without waiving his right to remain silent at trial. When the court asked Magana Pizano if he wanted to testify at the CrR 3.5 hearing, Magana Pizano replied that he wanted to represent himself.

In response, the trial court stated,

> That's a different question. This is the day of trial. All right. I will take that as a no he does not wish to testify with regards to the 3.5. That does not mean that he won't be questioned again in terms of whether he'd like to testify at trial.

Rep. of Proc. (Sept. 6, 2022) at 17. Without further reference to Magana Pizano's request, the court addressed the CrR 3.5 issue. Magana Pizano's court-appointed defense counsel remained on the case.

After the parties presented their cases, the trial court instructed the jury: "Deliver or delivery means the actual, constructive, *or attempted* transfer of a controlled substance from one person to another." Clerk's Papers at 11 (emphasis added).

The jury found Magana Pizano guilty of delivery of a controlled substance. CP 16. Magana Pizano appeals his conviction.

## ANALYSIS

A. REQUEST FOR SELF-REPRESENTATION

Magana Pizano argues, and the State concedes, that the trial court violated his right to self-representation because the court did not adequately examine his request to represent himself. We accept the State's concession.

We review a trial court's denial of a defendant's request to represent them self for an abuse of discretion. *State v. Burns*, 193 Wn.2d 190, 202, 438 P.3d 1183 (2019). "A trial court abuses its discretion if the decision is manifestly unreasonable such that no reasonable mind

could come to that decision, if the decision is not supported by the facts, or if the [court] applied an incorrect legal standard." *Id.*

Article I, section 22 of the Washington Constitution and the Sixth Amendment to the United States Constitution guarantee a criminal defendant the right to self-representation. *State v. Madsen*, 168 Wn.2d 496, 503, 229 P.3d 714 (2010). If a defendant makes an unequivocal and timely request for self-representation, the trial court must then determine whether the request is voluntary, knowing, and intelligent. *State v. Curry*, 191 Wn.2d 475, 486, 423 P.3d 179 (2018). The preferred method for determining whether waiver is valid is through a colloquy on the record between the trial court and the defendant. *State v. Howard*, 1 Wn. App. 2d 420, 425, 405 P.3d 1039 (2017). The unjustified denial of the right to self-representation is never harmless error. *Madsen*, 168 Wn.2d at 503.

Here, the trial court failed to address Magana Pizano's request beyond noting that it was made on the day of trial. Because the record does not show that the court conducted any examination of the facts and circumstances related to Magana Pizano's particular case, we conclude that the trial court abused its discretion. The remedy is to vacate Magana Pizano's conviction.

## B.    ERRONEOUS JURY INSTRUCTION

Magana Pizano argues, and the State concedes, that the trial court's jury instruction that defined "delivery" permitted the jury to convict him based on an attempt to deliver a controlled substance and relieved the State of its burden to prove the elements of the charged offense. We accept the State's concession.

The trial court's jury instruction defining "delivery" included an attempted transfer of a controlled substance. But the offense of delivery of a controlled substance requires proof of a

completed delivery. Former RCW 69.50.401(1) (2019); former RCW 69.50.101(h) (2019). By including an attempted transfer in the definition of delivery, the instruction would have permitted the jury to find Magana Pizano guilty of delivery of a controlled substance even if he merely attempted delivery. Therefore, we conclude that the trial court erred in giving this instruction.

## CONCLUSION

We vacate Magana Pizano's delivery of a controlled substance conviction and remand for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, P.J.

We concur:

_____
PRICE, J.

_____
CHE, J.