# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | DIVISION ONE |
| Respondent, | No. 87071-8-I |
| v. | UNPUBLISHED OPINION |
| MATHEW D. TRAN, | |
| Appellant. | |

PER CURIAM — Mathew Tran appeals from the judgment entered on a jury's verdict finding him guilty of one count of unlawful possession of a controlled substance (marijuana) with intent to deliver and one count of unlawful manufacture of a controlled substance (marijuana) within 1,000 feet of a school bus route stop. He contends that the trial court wrongly deprived him of the right to self-representation guaranteed by article I, section 22 of the Washington constitution by denying his request to represent himself. We conclude that the trial court did not abuse its discretion by denying the request after determining that Tran did not appreciate the consequences of the charges or the proceedings. Accordingly, we affirm.

I.

Tran and several co-conspirators were arrested and charged by information with one count of unlawful possession of a controlled substance with intent to deliver and one count of unlawful manufacture of a controlled substance in connection with a large marijuana propagation operation. The State subsequently amended the information to include a special allegation that the unlawful manufacture of a controlled substance was within 1,000 feet of a school bus route stop.

Counsel was appointed to represent Tran. However, early in the case, Tran filed a motion with the court requesting permission to proceed pro se. The motion read: "i Matt, a living and spirited man of flesh and blood, the grantor and administrator of the defendant MATHEW DOUGLAS TRAN, hereby motion to proceed pro se." Tran signed the motion with his name followed by the words and phrases, "without recourse," "all rights reserved," "U.S.C. 1-308," "without prejudice," "U.C.C. 18," and "sec. 1342/241/242."

During an early case management hearing, the trial court entertained Tran's motion to represent himself as well as a motion to withdraw that had been filed by his appointed counsel. The trial court first considered counsel's motion to withdraw. Tran's attorney informed the court that "there is really a complete and utter breakdown in the communication between myself and Mr. Tran." According to counsel, she had explained to Tran that any motions would need to be made through her, and while he expressed that he understood, Tran persisted in filing motions on his own. She stated, "I feel Mr. Tran is either unable or unwilling to

listen to any of my advice or direction, and I believe he is, as I have presented to him, is harming his case with actions on his own that I'm not able to help curtail in any way." When the trial court inquired as to whether counsel believed that a change of attorney would result in any improvement, Tran's attorney replied, "based on my interaction and lack thereof with Mr. Tran, I don't believe there is going to be an improvement, if there is another attorney." She believed the issue was not personal to her but was, instead, the result of "a position Mr. Tran has taken that is incompatible with outside attorney legal advice."

The trial court then initiated a conversation with Tran concerning his attorney's motion to withdraw. Tran began by stating, "Your Honor, I conditionally accept you to call me Mr. Tran as long as you calling me Mr. Tran will reserve my full reservation of all of my unalienable rights." He further stated:

> Your Honor, if you are saying that this case has to do with I, then I don't need anyone to represent myself or I, the defendant, or the defendant Mr. Tran. This has nothing to do with the attorney, with me going pro se. As mentioned before, I would like to speak to the Court in person as a living man and for the Court to hear my voice. So that is the reason for me going to pro se, so I can address the Court.

The trial court explained to Tran that it was only considering counsel's motion to withdraw at that time and asked if "there would be an improvement in your case and your defense and your proceedings before this Court" if his counsel were to withdraw and another attorney were to be appointed. Tran responded, "[i]f another attorney is to be appointed to my case to represent me, I do not believe that anything would change for, like I stated, I cannot be represented. I would not mind a standby counsel, but to be represented is not something that I would

3

agree with." The trial court determined that the conflict between Tran and his counsel was not personal and that appointment of new counsel would not make a difference and, therefore, denied the motion to withdraw.

After denying counsel's motion to withdraw, the trial court then turned to Tran's motion to represent himself. When asked to address the motion, Tran stated:

> Your Honor addressing the matter of the defendant going pro se, I, Matt, a sovereign, natural, living, spirited man understand that I, Matt, have inalienable God-given rights. This is the reason for me going to pro se, because I do not feel I'm subjected or bound to statutes or codes that go against the constitutional rights of the living man.
>     I would like to also address the breaches and violations of the Washington state Constitution of 1899 [sic] and I, Matt's, inalienable rights. For being detained, robbed of property of sweat before any proof of claim was provided, Article 1 § 3 of the Washington Constitution.
>     Art. 1 § 7, I have yet to see any true document supported by oath or affirmation giving any public servant jurisdiction over I.

After a brief pause, Tran continued, "[t]he matter of me going pro se is mainly for me to represent myself and not be represented by another attorney or public servant. I wish to represent myself and I, the defendant. That's all I have to say."

The trial court then entered into a colloquy with Tran, first asking whether he understood that there were expectations regarding behavior in the courtroom, "including speaking only on the record at the lectern, not from the back of the courtroom." When asked if he would abide by that requirement, Tran responded, "I conditionally accept as long as I have the full reservation of my rights upon entering the court and entering up to the lectern to be on the record." The trial

4

court then made two attempts to clarify whether Tran would agree to speak only from the lectern, and received the same response both times. The trial court then asked, "[s]o you won't answer that yes or no?" to which Tran replied, "I will not answer that unless you accept my condition."

The trial court next inquired as to whether Tran was familiar with the charges against him. Tran replied that he was not familiar with them and did not understand the charges. Tran stated, "I have not seen any of the original documents. So I cannot . . . describe any of those charges to you." Tran further stated that he was unaware of the potential sentences he could face if convicted. In response to additional inquiries from the trial court, Tran admitted that he did not understand the rules of evidence, the criminal court rules, the limitations on questioning witnesses, and how the trial would proceed. When asked why he wanted to represent himself, Tran answered:

> Being represented by an attorney, it restricts my right to speak, so that removes my freedom of speech, and I was advised that if I would like to speak in court, that I would have to go pro se to represent myself, which is the reason for going pro se.

Tran informed the court that he was willing to learn the rules and that he would agree to standby counsel to "learn from or to counsel with."

After the exchange between the court and Tran, defense counsel explained that she had met with Tran and had reviewed the charging document, the initial police reports, and the possible penalties facing Tran. The State expressed concern that Tran believed that, if he represented himself, "then his freedom to speak or address things to the Court or the jury would not be limited."

5

Tran responded, "I only wish to address the Court to be able to speak freely upon myself but not to interrupt the Court and not to be in dishonor, just to cooperate with the Court to help settle this matter and resolve."

The trial court denied Tran's motion to proceed pro se. In its oral ruling, the trial court explained:

> [B]ased upon his answers to my questions, it appears to me quite clearly that he does not have a full understanding of the charges against him, not that they haven't been explained to him. I know that they have and that has been represented, but there is some sort of lack of understanding there, but, more importantly, he does not appreciate the consequences to him of these charges and of this proceeding, including a potential trial.

The trial court also stated that it was concerned "that Mr. Tran has not shown that familiarity with the rules, statutes, and procedures that apply such that he can represent himself well, and it appears to me that he does require an attorney to represent him in order for this matter to go forward." In its subsequent written ruling, the trial court explained that, "[t]he defendant's lack of familiarity with the statutes, court rules, and rules of evidence also cause the court concern, especially in light of his stated lack of understanding of his charges and the consequences of conviction."

A jury convicted Tran as charged. He was sentenced pursuant to RCW 9.94A.650, the first-time offender waiver statute, to 90 days of incarceration and six months of community custody.

Tran timely appeals.

II.

The trial court denied what Tran characterizes as an unequivocal and timely motion to proceed pro se. The trial court did so after finding that Tran lacked sufficient familiarity with the applicable rules, statutes, and procedures that would govern the trial and that he lacked an understanding of the charges against him and the potential consequences of conviction. Tran claims that the trial court erred by so doing. We disagree.

Article I, section 22 of the Washington Constitution provides criminal defendants with the explicit right to self-representation. State v. Madsen, 168 Wn.2d 496, 503, 229 P.3d 714 (2010). However, "[t]he right to proceed pro se is neither absolute nor self-executing." Id. at 504. The defendant must invoke the right to self-representation with an unequivocal and timely demand to waive counsel and proceed pro se. Id. If the request is unequivocal and timely, the trial court must then conduct a colloquy to determine whether the request is voluntary, knowing, and intelligent. Id. The colloquy should generally include a discussion of the charges against the defendant, the maximum penalty the defendant faces, and the fact that the defendant will be required to adhere to the technical and procedural rules of the court. State v. Burns, 193 Wn.2d 190, 203, 438 P.3d 1183 (2019). The court may consider additional, nonexhaustive factors such as the defendant's education, experience with the justice system, mental health, and competency. Id. "The trial court may also look to the defendant's behavior, intonation, and willingness to cooperate with the court." Id.

When evaluating a motion to proceed pro se, courts are required to "indulge in 'every reasonable presumption' against a defendant's waiver of his or her right to counsel." Madsen, 168 Wn.2d at 504 (internal quotations omitted) (quoting In re Det. of Turay, 139 Wn.2d 379, 396, 986 P.2d 790 (1999)). However, even in light of the presumption against the waiver of counsel, a trial court may only deny a request to proceed pro se if the request is "equivocal, untimely, involuntary, or made without a general understanding of the consequences." Id. at 505. "A court may not deny a motion for self-representation based on grounds that self-representation would be detrimental to the defendant's ability to present [their] case or concerns that courtroom proceedings will be less efficient and orderly than if the defendant were represented by counsel." Id.

We review a trial court's decision on a defendant's request to proceed pro se for abuse of discretion. Burns, 193 Wn.2d at 202. "A trial court abuses its discretion if the decision is manifestly unreasonable such that no reasonable mind could come to that decision, if the decision is not supported by the facts, or if the judge applied an incorrect legal standard." Id. "We give great deference to the trial court's discretion because the trial court is in a favorable position to the appellate courts in evaluating a request to proceed pro se." Id. As noted by our Supreme Court, trial judges have more experience in evaluating such requests and have the benefit of observing the behavior, intonation, and characteristics of the defendant during the request. Id. at 203. "So long as a trial court conducted an adequate inquiry into a defendant's request and there is a factual basis for the

court's finding that the waiver of counsel was not knowing, intelligent, and voluntary, the trial court's discretionary decision will not be disturbed on appeal. Id. at 204.

Here, the parties do not dispute that Tran's request to represent himself was timely and unequivocal. Rather, Tran contends that the trial court improperly denied the request because he did not understand the nature of the charges against him when the court should have informed him of that information during the colloquy and because he was not familiar with court rules and procedures. However, as the trial court noted, the charges had been explained to Tran. The court's concern stemmed from Tran's lack of general understanding and appreciation of the consequences. Burns is instructive on this issue.

In Burns, the trial court conducted a comprehensive colloquy in consideration of the defendant's motion to represent himself. Id. Burns informed the court, "'I completely understand everything that I'm up against,'" but the colloquy demonstrated otherwise. Id. Among his statements, Burns indicated to the trial court that the charges did not pertain to him, that he did not enter into a contract with the State, that the United States is a corporation of which he is not a citizen, and that he rejected any contract that created the case against him. Id. The trial court denied the motion to proceed pro se, finding that Burns did not understand "'the nature of the charges and the seriousness of the situation.'" Id. at 198. On review, our Supreme Court concluded that the colloquy, "was extensive and comprehensive and supports the conclusion that Burns did not understand the nature or seriousness of the charges against him." Id. at 205.

9

Tran made similar statements during his colloquy with the trial court below. He referred to himself as "I, Matt, a sovereign, natural, living, spirited man," and said that he had "inalienable God-given rights." Tran only "conditionally" agreed to abide by the court's basic requirement of speaking only from the lectern "as long as I have the full reservation of my rights." He refused to agree unless the trial court accepted his "condition." And concerningly, Tran explained that he wanted to represent himself "because I do not feel I'm subjected or bound to statutes or codes that go against the constitutional rights of the living man." Tran also believed that representation by counsel would restrict his freedom of speech and that by representing himself he could "address the Court to be able to speak freely upon myself."

Tran contends that the trial court should have explained the charges and should not have focused on his lack of understanding of the technical and procedural aspects of a trial. However, these arguments ignore that Tran's answers during the colloquy demonstrated more than a mere lack of knowledge about the details of both the charges against him and trial procedures. Instead, Tran's statements establish that he held misunderstandings about the legal system in general which provides a factual basis for the trial court's finding that Tran lacked an understanding of the charges and proceedings. These statements, as in Burns, "are not consistent with a defendant who understands the nature and seriousness of the charges against him." Id. at 206. Accordingly, Tran could not knowingly and intelligently waive his right to counsel. The trial

court's denial of Tran's motion to represent himself was not an abuse of discretion.

Affirmed.

For the Court:

Feldman, J.

Birk, J.

Hazelrigg, ACJ