IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CITY OF KENNEWICK, | ) | |
| | ) | No. 38308-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| PAUL A. MCVAY, | ) | |
| | ) | |
| Petitioner. | ) | |

FEARING, J. — Paul McVay asks for reversal of his convictions on the basis

that the district court denied him the constitutional right to represent himself. On appeal

to the superior court, the court affirmed. Because McVay either requested to proceed pro

se or the district court adjudged him to have made the request and because the law

demands no formalities when the accused seeks self-representation, we reverse the

superior court, vacate McVay's convictions, and remand.

FACTS

The underlying facts of Paul McVay's putative crimes lack relevance.

No. 38308-3-III
*City of Kennewick v. McVay*

PROCEDURE

In four filings, the City of Kennewick charged Paul McVay, in district court, with ten crimes under the city criminal code. In Case No. 8Z1095686, the city accused McVay of destruction of property and three counts of bail jumping. In Case No. K18Y00172, Kennewick charged McVay with destruction of property, unlawfully aiming or discharging a weapon, and assault. In Case No. 9Z0144452, the city alleged that McVay committed wrongful use of telephone and disorderly conduct. Finally, in Case No. 9Z0415992, the City of Kennewick pled the crimes of vehicle prowling and theft.

During a consolidated scheduling hearing in all four prosecutions, Paul McVay, while being represented by counsel, presented a motion on his own. We quote verbatim the colloquy between the district court and McVay that ensued because of its importance to our review.

> THE DEFENDANT: Can I do my motion, Your Honor.
> THE COURT: Why is your lawyer not doing your motion?
> THE DEFENDANT: My motion is to aid in my own defense and be allowed a copy of discovery. Redacted if need be. But I would still need the witness's names on there so I know which person to prepare my defense for, I'm more than qualified. I worked for Metro Law for a little while. I've filed a motion with the courts. I'm competent standing in front of a crowd and speaking my mind.
> [DEFENSE COUNSEL]: The issue, Your Honor, is I believe Mr. McVay would like full unredacted copies of his police reports and all other discovery in his cases. I have informed him before in the past that court rules have prohibited me from providing direct copies without the prosecutor's authorization and without some redactions as needed.
> THE DEFENDANT: These being misdemeanor matters, they're relatively small crimes. I don't believe it would be unreasonable for me to

2

aid in my own defense and be provided copies of the discovery. And if that doesn't work, I'm ready to make another motion.

Clerk's Papers (CP) at 79-80.

The district court first denied Paul McVay's motion for discovery. The court then

added:

> THE COURT: . . . I'll be honest, Mr. McVay, I presided over one of your trials. And while you might think you're good on your feet, it's my opinion you do not know the court rules, you don't know—you do not know the statutory scheme. But if you're going to represent yourself, you're held to the standard of a lawyer. That standard's pretty high. So I'm leaving [defense counsel] onboard, whether it's going to be in an advisory capacity or not, she's your lawyer of record.
> THE DEFENDANT: So are you denying me the ability to represent myself in those cases?
> THE COURT: I am.
> THE DEFENDANT: Really?
> THE COURT: Truly.
> THE DEFENDANT: Why is that?
> THE COURT: Because I don't think you're competent to represent yourself. I don't think you're competent to follow court rules, procedures, rules of evidence and courtroom decorum.
> THE DEFENDANT: I believe, I am, Your Honor, and I would like the opportunity to see a transcript—see the discovery, to see if it's a case I can handle. See if it's something that I can take to trial, or at least to pretrial motions. But denying me the opportunity I don't think is fair.
> THE COURT: [Defense counsel] has the ability to review the allegations and the acts against you and that should tell you whether you could do those things. Because the names of the parties have nothing to do with your legal challenges to the evidence for charges against you.
> THE DEFENDANT: Well, the major important aspect whereas if at the trial point whom I am preparing to interview, right? Like—
> THE COURT: I'm denying your motion. You want to make one in writing and allow the city a chance to respond, you can. It's denied.

CP at 81-82.

3

The four cases proceeded to trial. Juries convicted Paul McVay of one count of destruction of property, two counts of bail jumping, unlawfully discharging a weapon, assault, disorderly conduct, vehicle prowling, and theft. Juries acquitted McVay of one count of bail jumping, one count of destruction of property, and wrongful use of telephone.

In an appeal to the Benton County Superior Court, Paul McVay claimed the district court violated his right to self-representation. The superior court entered findings of fact and conclusions of law pertaining to its review of the district court proceeding. In finding of fact 8, the superior court wrote:

> 8. Based upon the record presented, this Court further finds:
> a. that Mr. McVay never submitted any written motion to proceed without counsel;
> b. that Mr. McVay's putative request was informal, oral, and spontaneous;
> c. that Mr. McVay's putative request was made during the Trial Court's ruling on another pending motion rather than a separate motion; and
> d. that Mr. McVay never made any statement indicating dissatisfaction with his continued representation, nor with his attorney making motions and setting cases for trial on his behalf at any point during the hearing, nor otherwise demonstrating a desire to proceed without representation.

CP at 103. The superior court concluded that the district court had not abused its discretion when denying McVay an opportunity to represent himself because McVay never sufficiently requested to proceed pro se. We granted discretionary review.

4

LAW AND ANALYSIS

Paul McVay assigns error to the district court's denial of his request to exercise his constitutional right to self-representation. The City of Kennewick responds that McVay failed to unequivocally ask to proceed pro se and thus the district court never needed to address any request. The City's contention echoes the ruling of the superior court, not the district court. The district court denied any motion because of inadequate legal abilities of McVay. In addition to resolving the dispute of whether McVay definitively requested to represent himself, we address questions stemming from the superior court's ruling on appeal. First, must the request be formal? Second, must the request be calculated? Third, must the motion be written? Fourth, may the accused forward the request during a hearing on another motion? Fifth, must the accused express dissatisfaction with his counsel?

We conclude that Paul McVay either unequivocally requested to proceed pro se or the district court adjudicated McVay to have made such a request. In the latter instance, we reason that the reviewing court should consider the entreaty for self-representation to be unequivocal. We also decide that any motion to represent oneself need not be formal, written, or calculated. The accused may forward the request during any hearing and need not express displeasure with appointed or hired counsel.

The Sixth Amendment of the United States Constitution implicitly protects a defendant's right to proceed without counsel in a criminal trial. *Faretta v. California*,

5

422 U.S. 806, 807, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).  Washington's Constitution, article I, section 22, explicitly secures this right to self-representation.  *State v. Madsen*, 168 Wn.2d 496, 503, 229 P.3d 714 (2010).  Section 22 declares: "the accused shall have the right to appear and defend in person."

In most prosecutions, a defendant will be better served by the guidance of counsel than by conducting his or her own defense, but the defendant still possesses a constitutional right to decline representation.  *Faretta v. California*, 422 U.S. 806, 832-34 (1975).  A court may not deny self-representation based on detriment to the defendant's case or because courtroom proceedings would be less efficient and orderly.  *State v. Madsen*, 168 Wn.2d 496, 505 (2010).

Both the federal and the state constitutions grant the accused the right to assistance of counsel, and constitutional jurisprudence demands that the trial court aggressively protect an accused's right to effective counsel.  The tension between a defendant's right to proceed without counsel and the right to adequate representation has led Washington's courts to indulge in every reasonable presumption against waiver of the right to counsel before allowing a defendant to proceed pro se.  *State v. Curry*, 191 Wn.2d 475, 486, 423 P.3d 179 (2018); *In re Detention of Turay*, 139 Wn.2d 379, 396, 986 P.2d 790 (1999).  We question, but need not decide, the validity of this presumption when the Washington Constitution does not rank the right to representation by counsel higher than the right to self-representation.

In entertaining a request to proceed pro se, a trial court must engage in a two-step analysis. First, the court must determine whether the accused timely and unequivocally requested self-representation. *State v. Stenson*, 132 Wn.2d 668, 740, 940 P.2d 1239 (1997). Second, if the request is timely and unequivocal, the court must determine whether the request is also voluntary, knowing, and intelligent. *State v. Curry*, 191 Wn.2d 475, 486 (2018); *State v. Madsen*, 168 Wn.2d 496, 504 (2010). This process entails a colloquy with the defendant. *City of Bellevue v. Acrey*, 103 Wn.2d 203, 210, 691 P.2d 957 (1984).

The City of Kennewick does not argue that Paul McVay forwarded any request untimely. Kennewick impliedly concedes that the court never engaged in a colloquy with McVay and that McVay forwarded any request voluntarily, knowingly, and intelligently. The appeals court presumes that any request was made knowingly, intelligently, and voluntarily. *Faretta v. California*, 422 U.S. 806 (1975). We focus on the clarity of McVay's request.

The requirement that a defendant's request for self-representation be unequivocal serves dual purposes. *State v. Curry*, 191 Wn.2d 475, 487 (2018). First, it protects the accused from inadvertently waiving his or her right to counsel through spontaneous expressions of frustration or occasional musings on the benefits of self-representation. *State v. Curry*, 191 Wn.2d 475, 487 (2018). Second, the requirement prevents the accused from taking advantage of the mutual exclusivity of the rights to counsel and self-

7

representation. *State v. Curry*, 191 Wn.2d 475, 487 (2018). Both purposes recognize the tension between a defendant's right to proceed without counsel and the right to adequate representation. *State v. DeWeese*, 117 Wn.2d 369, 376-77, 816 P.2d 1 (1991). We discern a third related purpose underlying the two primary purposes, which third goal is to ensure that the trial court knows of the request and can intelligently respond to the request by questioning the defendant.

To state the obvious, the trial court, when assessing whether a request for self-representation is unequivocal, must answer two questions: (1) Was a request made? If so, (2) was that request unequivocal? *State v. Curry*, 191 Wn.2d 475, 487 (2018). Accordingly, the trial court must focus on if and how the accused makes the request and the nature of the request. *State v. Curry*, 191 Wn.2d at 487. To determine whether the defendant forwards a request, the court can consider the following nonexclusive factors: (1) how the request was made—for example, was the request made formally in a motion or spontaneously at a hearing?, (2) the language used in the actual request—for example, was the defendant asking to proceed pro se or expressing frustration?, and (3) the context surrounding the request—for example, was the request made after counsel sought a continuance or because of a disagreement regarding strategy? *State v. Curry*, 191 Wn.2d at 488. If the defendant makes an explicit request to proceed pro se, that request is not necessarily rendered equivocal because the defendant is motivated by a purpose other

than a desire to represent him or herself, such as frustration with the speed of trial or an attorney's performance. *State v. Curry*, 191 Wn.2d at 489.

The trial court must make a determination of an unequivocal request on a case-by-case basis, taking into consideration the circumstances of each request. *State v. Curry*, 191 Wn.2d 475, 490 (2018). Appellate courts decide whether the accused unequivocally requested self-representation in the context of the whole record. *In re Detention of Turay*, 139 Wn.2d 379, 396 (1999).

We review two Washington Supreme Court decisions in a quest to discern those facts important to assessing the clearness of a request. In *State v. Stenson*, 132 Wn.2d 668 (1997), the Washington Supreme Court held that defendant Darold Stenson failed to unequivocally request to represent himself. After the trial court denied Stenson's motion for new counsel, the following conversation ensued:

> THE DEFENDANT: . . . I would formally make a motion then that I be able to allow [sic] to represent myself. I do not want to do this but the court and the counsel that I currently have force me to do this.
> As I said, I have been under the illusion that I was going to be defended. Not merely as Mr. Leatherman stated the other day, he would cross examine witnesses. That is not a defense.
> THE COURT: Mr. Stenson, I do not consider the issue of the trial strategy or trial tactics which are going to be undertaken here as anything which is resolved.
> THE DEFENDANT: Excuse me?
> THE COURT: I don't consider that resolved. That's a decision between you and your counsel and that will have to be resolved as we get into the trial. And I can't resolve that for you.

9

> As to a motion to represent yourself at this point in the trial, as I have indicated, certainly you have a constitutional right to do that if a motion is timely made.
>
> At this point in time I find that that motion is not timely made and *I also find based upon your indications that you really do not want to proceed without counsel.*
>
> THE DEFENDANT: But likewise I do not proceed [sic] with counsel that I have.
>
> THE COURT: I understand that. Based upon those considerations, I'm going to deny the motion to allow you to proceed pro se.

132 Wn.2d at 739-40. Several days later, Darold Stenson filed a written motion to appoint new lead counsel, not to proceed pro se.

In *State v. Madsen*, 168 Wn.2d 496 (2010), Kurt Madsen advanced three motions to proceed pro se throughout the course of trial proceedings. During the first hearing, Madsen's privately retained counsel withdrew, and Madsen moved to proceed pro se. When the trial court inquired why Madsen wished to represent himself, Madsen replied that he could resolve the prosecution on his own. The court deferred a ruling on the pro se request and instead appointed Madsen new counsel. The trial court convened the second hearing to consider Madsen's motion to proceed pro se. Madsen stated his interests would be served by representing himself and that he had a constitutional right to represent himself. The court deferred the request again. During a third hearing, Madsen renewed his motion to proceed pro se. The trial court denied the request on the basis that Madsen was not prepared to represent himself. Our Supreme Court held that, in the absence of an explicit ruling or colloquy by the trial court in response to Madsen's first

10

request, the high court could only conclude that the motion was unequivocal, timely, voluntary, knowing, and intelligent. Nevertheless, because the pro se request was spontaneous, the trial court could properly delay ruling on the matter. When Madsen advanced a second request to proceed pro se, the trial court committed error by again deferring the motion. Thus, the Supreme Court reversed.

We parse the colloquy between the district court and Paul McVay to assess the clarity of any request for self-representation. In support of a conclusion that Paul McVay equivocally asked to represent himself, McVay stated he wanted to "aid in his defense," not assume his defense. CP at 79. When defense counsel spoke, she stated the motion was for unredacted police reports, not for self-representation. McVay focused throughout his presentation, or at least at the beginning of his presentation, on gaining unredacted copies of reports. McVay may have wanted reports to determine whether he should proceed pro se, such that McVay wished to reserve until a later time an explicit request for self-representation. McVay may have spontaneously offered his motion for self-representation. The court mentioned the possibility of McVay filing a written motion. If McVay truly sought to represent himself, he would have filed a written motion as directed by the court.

Other factors support a finding that Paul McVay forwarded an unequivocal request. McVay began his presentation by stating he wanted to forward a motion, comments that suggest he already deemed himself to be pro se or at least he had a desire

11

to do so. McVay also asked to review unredacted discovery, after which he commented: "if that doesn't work, [I have] another motion." CP at 80. McVay never expressed dissatisfaction with his appointed counsel. The trial court's ruling that McVay lacked the ability to represent himself based on observations during earlier trials suggests that McVay represented himself before. Assuming he represented himself before, he likely had previously weighed in his mind the desirability of appearing pro se again.

Other comments from Paul McVay primarily compel us to conclude that he unequivocally requested to proceed pro se. We focus on his reaction to the district court's ruling. McVay explicitly then asked the court if he was being denied the right to represent himself. When the court answered affirmatively, McVay insisted that he was competent to represent himself. These comments clearly show an intent of self-representation. Most importantly, the district court concluded that Paul McVay requested to represent himself. The trial court sat in a better position than this court when discerning whether McVay sought to represent himself.

*State v. Stenson* does not begin to be analogous. The trial court wisely reasoned that Darold Stenson momentarily sought to appear pro se only in retaliation for the trial court's denial of his request for a new attorney. Paul McVay never expressed dissatisfaction with his counsel, let alone asked for a new attorney. The district court never suggested to McVay that his request to represent himself was a tactic in response to the court's denial of his request to view discovery.

Unlike in *State v. Stenson*, Paul McVay's trial court did not defer any ruling on the motion for self-representation. At the pretrial hearing, the district court pronounced a definitive ruling. Although the court mentioned the possibility of Paul McVay filing a written motion, the court did not suggest that it might change its mind.

Assuming Paul McVay never clearly requested self-representation, we have the unique situation wherein the trial court either adjudged McVay to have requested to proceed pro se or the court preempted McVay from forwarding the request by ruling against the request. The trial court "unequivocally" denied the request. The unequivocal request rule seeks in part to facilitate the court's recognition that the accused seeks self-representation. This purpose comes into fruition when the defendant ambiguously requests self-representation, but the trial court addresses the motion anyway.

The City of Kennewick urges that, without the benefit of an explicit ruling on the threshold question of equivocality, this court may infer that the district court found Paul McVay's request equivocal and uphold the convictions on that basis. We agree that the district court did not expressly declare that McVay presented an unequivocal request. Nevertheless, the court affirmatively and forcefully denied the request. An oral proclamation from the judge that a request for self-representation is unequivocal is not required if the record reflects that the judge considered the request unequivocal. *State v. Curry*, 191 Wn.2d 475, 491 (2018); *State v. DeWeese*, 117 Wn.2d 369, 378 (1991).

13

The City of Kennewick does not argue that, assuming Paul McVay iterated an unequivocal request, the district court properly exercised discretion by denying the motion. The presumption against self-representation does not give a court carte blanche to deny a motion to proceed pro se. *State v. Madsen*, 168 Wn.2d 496, 504 (2010).

The district court reasonably questioned the effectiveness of Paul McVay's self-representation. Nevertheless, the law does not recognize legal incompetency of a pro se defendant as a basis for denying a motion. A defendant's technical legal knowledge bears no relevance to an assessment of whether he or she knowingly exercises the right to self-defense. *Faretta v. California*, 422 U.S. 806, 836 (1975). A court may not consider an accused's ability or inability to exercise the skill and judgment necessary to secure a fair trial. *State v. Hahn*, 106 Wn.2d 885, 890 n.2, 726 P.2d 25 (1986). If the court deemed McVay incompetent as a person rather than as a lawyer, the necessary course was to order a competency review. *State v. Madsen*, 168 Wn.2d 496, 505 (2010); *In re Personal Restraint of Fleming*, 142 Wn.2d 853, 863, 16 P.3d 610 (2001); RCW 10.77.060(1)(a). By applying an impermissible legal standard, the district court exceeded the boundaries of its discretion when denying the request for self-representation. *State v. Curry*, 191 Wn.2d 475, 484 (2018).

In response to the superior court's ruling, we find no decision that holds a request to proceed pro se must be in writing or that the motion be made at a hearing only for that purpose. We would consider such requirements to conflict with a constitutional right to

14

represent oneself. The spontaneity of the request is a factor to consider when deciphering the ambivalence of any request. Nevertheless, spontaneity does not control the question. The superior court's consideration, on appeal, of the lack of a complaint about his appointed counsel as a reason to affirm the district court conflicts with Washington decisions that preach a lack of criticism of counsel to be a factor showing an unequivocal request.

The district court gave Paul McVay leave to file a formal pro se motion in writing. Nevertheless, this allowance does not cure the court's error. The district court's disparagement of McVay's capabilities would discourage him from later exercising the right to self-representation.

Deprivation of the right to self-representation is not amenable to harmless error analysis. *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984); *State v. Vermillion*, 112 Wn. App. 844, 851, 51 P.3d 188 (2002). The unjustified denial of the right to proceed pro se requires reversal. *State v. Stenson*, 132 Wn.2d 668, 737 (1997).

## CONCLUSION

We reverse the superior court and vacate Paul McVay's convictions. We remand to the district court for further proceedings consistent with this opinion.

15

No. 38308-3-III
*City of Kennewick v. McVay*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, J.

I CONCUR:

_____
Pennell, J.

No. 38308-3-III

LAWRENCE-BERREY, A.C.J. (dissenting) — The majority concludes that Paul McVay made an unequivocal request to represent himself. It reaches this conclusion, not because Mr. McVay's request was unequivocal, but because the trial court construed his ambiguous request as one to represent himself. Because the majority's rationale is inconsistent with binding precedent, I dissent.

Trial courts must indulge in every reasonable presumption against a defendant's waiver of their right to counsel before granting their request to waive the right to assistance of counsel and to proceed pro se. *State v. Curry*, 191 Wn.2d 475, 486, 423 P.3d 179 (2018); *State v. Madsen*, 168 Wn.2d 496, 504, 229 P.3d 714 (2010); *In re Det. of Turay*, 139 Wn.2d 379, 396, 986 P.2d 790 (1999). Here, Mr. McVay made an ambiguous request to assist in his own defense. He had not chosen yet whether he wished to represent himself without counsel. He explicitly said his decision depended upon what the discovery revealed. The trial court thus erred by construing this equivocal request as an unequivocal request to represent himself.

Although the trial court erred, I would conclude that the error was harmless since Mr. McVay proceeded to trial with counsel. On that basis, I would affirm.

_____
Lawrence-Berrey, A.C.J.